ALVAH L. BAKER, PLAINTIFF IN ERROR, v. ELIAS R. BARTON ET AL., DEFENDANTS IN ERROR.

1   183
20c  507

1. INSTRUCTIONS NEED NOT BE REPEATED.—When the substance of instructions to the jury asked by a party to the action are embraced in those given by the court on its own motion, they are properly denied.

2. CARRYING DEADLY WEAPONS BY POLICE OFFICER.—The plaintiff, a police officer of South Denver, having been arrested by the sheriff on a charge of carrying deadly weapons, and having an action against the sheriff for illegal arrest, assault and battery and false imprisonment, he was not entitled to an instruction charging as a

matter of law, that a police officer of the town named had a right
to carry arms, and that the carrying of them was no violation of
state laws, in the absence of authority or evidence to sustain the
position.

3. ASSAULT AND BATTERY BY OFFICER IN MAKING ARREST.—An offi-
cer who makes a legal arrest cannot be liable for assault and bat-
tery where the evidence fails to show that he used unnecessary
force.

4. STATEMENT OF ISSUES IN INSTRUCTION. — The gist of the action
being the alleged unlawful arrest and detention, the repetition of
the word " unlawfully " in the following instruction does not cause
it to misstate the issues to the jury:—" This action was brought
* * * to recover damages for an alleged unlawful arrest, and im-
prisonment of the plaintiff by the defendants, and he charges that
he was, * * * unlawfully arrested and imprisoned."

*Error to District Court of Arapahoe County.*

Mr. J. F. TOURTELLOTTE and Mr. W. T. HUGHES, for
plaintiff in error.

Mr. W. W. COOKE, for defendants in error.

REED, J.   The plaintiff in error was the plaintiff below.
The action was brought for an alleged illegal arrest and false
imprisonment on the first day of April, 1890.

Barton, the defendant, was sheriff, Golder was a deputy
sheriff under Barton, Cummings was marshal of the town of
South Denver, and plaintiff on the day of his arrest was act-
ing as a deputy marshal under an appointment from the
mayor of that town.

On the date mentioned, an election for town officers was
held; Barton, the sheriff, was not present— Golder was de-
tailed by the sheriff for duty at the polls and was acting in
his official capacity.   The plaintiff was present wearing an
official badge and recognized by the mayor as a peace officer
to assist in maintaining order.   A good deal of feeling and
excitement seems to have been engendered.   Plaintiff ap-
pears to have been very active and partisan; in the early
part of the day he was charged with polling illegal votes

and was warned by officer Golder to desist, under threats of arrest if he persisted. At some later hour a poll-book was missing. Plaintiff was charged by the defendant, Lowe, with having stolen it. An altercation ensued and an assault by Lowe upon the plaintiff. Plaintiff drew a revolver upon Lowe. A riot became imminent; the crowd being incensed against the plaintiff threatened his life—several other revolvers were drawn. Officers Golder and Cummings interposed, arrested and disarmed plaintiff. After the arrest he was further assaulted and injured by some of the crowd. The person making the assault is not shown to have been one of the defendants. Golder succeeded in getting him away,—brought him to the city, delivered him to the sheriff, charged him with carrying concealed weapons, and also with the assault of Lowe with a deadly weapon. The sheriff took a recognizance of plaintiff, and a friend, in the sum of $100, for his appearance the next morning, and allowed him to go. He appeared on the next day, but no complaint was filed nor further proceedings had.

This suit was brought for damages. In the complaint, assault and battery, and illegal arrest and false imprisonment are charged. The two actions are joined, and the private citizens, who made the assault, and the officers who made the arrest, are made co-defendants. It is true that an officer using more than necessary force in making an arrest may be liable for an assault and battery. It is not shown that either of the officers, Golder or Cummings, used any more force than was necessary to disarm the plaintiff, prevent riot and bloodshed, and make the arrest. It also appears, from the evidence, that the plaintiff would have received great bodily injury from the infuriated mob, had not the officer interposed.

The other parties—those who made the assault, and from whom plaintiff received injury—are not shown to have been in any way connected with the arrest or detention. The court, upon the trial, disregarded the charge of assault and battery, except as connected with the arrest by the officers,

and by an instruction ordered a verdict for the defendants, who were shown to have made the assault prior to the arrest. The verdict of the jury was for the remaining defendants ; a judgment upon the verdict.

The plaintiff tendered and asked nine instructions to the jury, all of which were refused. The refusal to give them and each of them is assigned for error. We do not think the contention tenable. The court, upon its own motion, instructed the jury at considerable length, and such instructions, in substance, embraced nearly all the instructions asked by the plaintiff. The only ones omitted were the sixth and ninth. The former was properly refused. It asked the court to charge, as a matter of law, that a police officer in the town of South Denver had a right to carry arms, and that the carrying of them was no violation of state laws. No authority was produced, nor evidence to sustain the position. The ninth was in regard to an alleged assault by the officers in making the arrest, and asserting the right of plaintiff to resist his assailant, Lowe, when assaulted and charged with stealing a poll-book. As shown, the arrest was for carrying concealed weapons and an assault with a deadly weapon— there could be no assault in making a legal arrest unless unnecessary force was used, which was not shown.

The other error assigned and relied upon is to the first paragraph of the charge of the court, which is as follows :

" This action was brought by the plaintiff against the defendants to recover damages for an alleged unlawful arrest and imprisonment of the plaintiff by the defendants, and he charges that he was, on the first day of April, 1890, unlawfully arrested and imprisoned."

Counsel say : " The court erred in its first instruction, and in it erroneously stated the issues to the jury by inserting the word ' unlawfully ' in the last word but three. By this, the court misstated the substance of the issue, and held up an immaterial for a material thing."

We fail to comprehend the argument and reasoning of counsel upon this point, and how the insertion of the word

"unlawfully" changed the issue.   If he was lawfully arrested and detained, certainly no action would lie.   The gist of the action is unlawful arrest and detention.   It is true the word "unlawfully" occurs earlier in the same paragraph, and a repetition may, possibly, be regarded as unnecessary, but we are not shown, nor can we find how such repetition changed the issues or prejudiced the plaintiff.   It rather seems to strengthen the paragraph, and properly impress upon the jury the legal fact that the plaintiff's right to recover was based upon the illegal acts of defendants.

No error having been assigned upon the instruction of the court directing a verdict for the defendants, who were alleged to have assaulted the plaintiff prior to the arrest, we are not called upon to review such action, nor to decide whether or not two apparently separate actions, in which different parties participated, were or were not properly joined in the same suit.

The verdict and judgment were warranted by the evidence, and there being no error of the court in charging the jury, the judgment should be affirmed.

*Affirmed.*