HURD, PLAINTIFF IN ERROR, v. CARLILE, DEFENDANT IN
ERROR.

1. JURISDICTION.

The right to review judgments of the court of appeals exists only where
the judgment exceeds $2,500, exclusive of costs, where the con-
troversy involves a franchise or freehold, or where the construction
of a provision of the constitution of the state or of the United States
is necessary to a decision of the case.

2. SAME.

To authorize a review of a judgment of the court of appeals except
where the judgment exceeds $2,500, or the controversy involves
a franchise or freehold, it is essential that the construction of a
constitutional provision is necessary to a decision of the case by
that court, and that such construction must be adverse to the party
appealing.

2. SAME.

This court is without jurisdiction to entertain a case on error to the
court of appeals, for the purpose of giving construction to a statute.

*Error to the Court of Appeals.*

THIS proceeding was instituted by Hurd in the district
court of Arapahoe county, for a writ of mandamus to com-
pel Carlile, as state treasurer, to pay certain warrants. The
issuance of an alternative writ was waived and demurrer was
interposed upon the ground that the petition did not state
facts sufficient to constitute a cause of action. The demurrer
was overruled and the writ ordered. From this judgment
Carlile sued out a writ of error from the court of appeals.
That court reversed the judgment of the district court. The
writ of error from this court was sued out to review that
judgment.

Mr. J. H. MAUPIN, attorney general, and Mr. H. B. Babb,
for the motion.

Mr. M. B. CARPENTER, opposing.

MR. JUSTICE GODDARD delivered the opinion of the court.

Our jurisdiction to review the judgment of the court of appeals is challenged by motion to quash the writ of error from this court upon the ground that the judgment of the court of appeals is final, and cannot be reviewed by this court. The right of this court to review judgments of the court of appeals lies only where the judgment exceeds $2,500 exclusive of costs, or where the controversy involves a franchise or freehold, or where the construction of a provision of the state or the United States is necessary to a decision of the case.

It is conceded that this action does not come within the first two classes. Does it fall within the third? In other words, was the construction of a constitutional provision necessary to a decision of the case?

We think the question must be answered in the negative. The judgment of the court of appeals was based entirely upon the ground that the warrants in question were invalid, having been issued for disbursements that were unauthorized by law, because made by the deputy of insurance outside of the limits of the state. The constitutionality of the insurance act was not questioned, and the decision involved only an interpretation of that act.

While the attorney general contended that the warrants should not be paid for the further reason that no appropriation had been made for their payment. The court of appeals did not decide that question, as clearly appears from the opinion. On this point the court said:

" The case has been fully disposed of by the antecedent discussion, and a determination of this constitutional question is wholly unnecessary. * * * We therefore do not determine that question in this case."

This is certainly decisive of the controversy here. To entitle a party to a review of a judgment of the court of appeals upon the ground assigned, it is essential that the construction of a constitutional provision is necessary to a decision of the

case by that court, and such construction must be adverse to such party.

In this case plaintiff in error does not predicate his right to this review, because the court of appeals decided a constitutional question adversely to him, or upon the ground that the construction of any constitutional provision by this court would relieve him from the judgment, but to obtain a construction of the insurance act. We are without jurisdiction to entertain the case for that purpose. Motion to quash sustained. Writ of error dismissed and cause remanded.