BAKER v. BARTON ET AL.

1. JURISDICTION OF SUPREME COURT.

As this action does not relate to a franchise or freehold and as no money judgment was rendered, and the construction of a constitutional provision not being necessary to a determination of the case, this court is without jurisdiction to entertain it upon error to the court of appeals.

2. SAME.

Plaintiff sued defendants for damages for illegal arrest and false imprisonment; judgment in the district court for defendants which was affirmed by the court of appeals: *held*, this court is without jurisdiction to review the latter judgment.

3. SAME.

Rules of pleading and practice are generally subject to change by the legislature. Their violation does not present a constitutional question authorizing this court to take jurisdiction.

*Error to the Court of Appeals.*

Mr. J. F. TOURTELOTTE and Mr. W. T. HUGHES, for plaintiff in error.

No appearance for defendants in error.

PER CURIAM.   This action was commenced by plaintiff in error, Alvah L. Baker, against Elias R. Barton and others, to recover damages for an alleged illegal arrest and false imprisonment.   The trial in the district court resulted in a verdict and judgment for the defendants.   To this judgment a writ of error was sued out from this court before the passage of the act creating the court of appeals, but after the taking effect of that act the case was taken to the court of appeals by stipulation of the parties.   When the case came on for hearing in the court of appeals, the judgment of the district court was affirmed.   See *Baker v. Barton et al.*, 1 Colo. App. 183.

The action does not relate to a franchise or freehold, and as no money judgment has been rendered in the case, this court is without jurisdiction to entertain the case upon writ of error to the latter judgment.   *Trimble v. The People*, 19 Colo. 187 ; *Hurd v. Carlile*, 18 Colo. 461 ; *Wyman v. Felker*, 18 Colo. 382 ; *McCandless v. Green et al., post*, 519.

The contention of counsel, as we understand it, is that the district court erroneously permitted the defendants to justify the acts complained of, although no justification was pleaded, thereby depriving the plaintiff of a right universally recognized in the practice and protected by the constitution, as it is said.   We need not examine the record for the purpose of determining whether or not error in this regard intervened, for if such error be shown it would not give this court jurisdiction to review the judgment.   As a general rule, in this character of actions, if the acts complained of are actionable and are admitted or established, good practice requires a plea of justification to admit proof in bar of the action, but this is a rule of pleading subject to change at any time by the

legislature. It is not a constitutional requirement. There is, therefore, no constitutional question in the case to give this court jurisdiction, and the writ of error must be dismissed.

*Writ dismissed.*