| 23 | 137 |
|----|-----|
| 24 | 421 |

## The Board of County Commissioners of Arapahoe County v. McIntire et al., Sitting as the State Board of Equalization.

1. JURISDICTION.

Unless the construction of a constitutional provision is necessary to a determination of the case, this court is without jurisdiction to review a decree dismissing an action by the board of county commissioners to restrain the state board of equalization from assessing the railroad property of the state, and distributing the valuation thereof among the various counties in accordance with the act of 1891.

2. SAME.

Parties to a suit, after it has reached a court of review, have no right, by agreement, to make a case different from the one decided by the trial court; neither can they, by their own act, confer jurisdiction of an appeal or writ of error, which otherwise does not exist.

3. SAME.

When it appears by the record that a case might well have been disposed of without construing a constitutional provision, a construction of

such provision is not so necessary to a determination of the case as to give this court jurisdiction to review upon that ground.

4. COUNTIES—PARTIES.

A county is not a trustee for its taxpayers as a body so as to maintain an action in their behalf.

*Error to the District Court of Arapahoe County.*

Mr. GRANT L. HUDSON, Mr. CHARLES C. BUTLER, Mr. WILLIAM H. WADLEY, Mr. F. C. GOUDY and Mr. L. F. TWITCHELL, for plaintiff in error.

THE ATTORNEY GENERAL, for defendants in error.

MR. JUSTICE CAMPBELL delivered the opinion of the court.

This action was instituted by the board of county commissioners of Arapahoe county to restrain the state board of equalization from assessing the railroad property of the state and distributing the valuation thereof among the various counties of the state, in accordance with the provisions of the revenue act of 1891 (Session Laws 1891, 290, *et seq.*). The defendants demurred to the complaint upon several grounds. The district court sustained the demurrer and dismissed the action. To review this judgment of dismissal the board of commissioners prosecutes its writ of error.

Upon what ground the decision of the court below was predicated we are not advised. In the printed briefs several legal propositions are discussed, but, after they were filed, counsel for the respective parties entered into a stipulation in this court waiving all questions raised in the district court, and again presented in the briefs, except the one relating to the alleged unconstitutionality of said statute.

The amount of the judgment below does not confer jurisdiction upon this court of this writ of error. Neither does the matter in controversy relate to a franchise or a freehold. Unless, therefore, the construction of a provision of the constitution is necessary to the determination of this case, this court has not jurisdiction of it. *Hurd v. Carlile*, 18 Colo.

461; *McCandless v. Green*, 20 Colo. 519; Mills' Ann. Code, p. 727, sec. 406*a*, *et seq.*, and cases cited.

We are of the opinion that this court has not jurisdiction of this case for the following reasons:

1. Parties to a suit, after it has reached a court of review, have not the right, by agreement, to make a case different from the one decided by the trial court, for, among other reasons, had the case been presented below as sought to be submitted upon review, the decision might have been such as would have avoided the necessity of further proceedings.

2. Jurisdiction of an appeal or writ of error, which otherwise does not exist, cannot thus be conferred by act of the parties. *S. of A. B. & I. Assn. v. City of Denver*, 15 Colo. 592.

An examination of the record satisfies us that a decision of the constitutional question is not necessary to the determination of this case. On the contrary, it might well be disposed of upon one or more of the other grounds raised by the demurrer to the complaint, neither of which is of a character to give to this court jurisdiction to review the judgment.

Both parties, however, strenuously insist that a speedy determination of this constitutional question ought to be had because it relates to the public revenue. Instead of being impressed with the argument for haste upon this ground, the very fact that the taxing power, to a limited extent, is involved, makes us hesitate and decline to proceed merely because the present litigants request it. The railroads of the state seem to be paying their taxes as ascertained under this act, and there is no claim that the amount thereof is less than it ought to be or would be if the tax were determined in accordance with the methods which the plaintiff asks to have applied.

The theory upon which the county bases its right to maintain this action is that, under the scheme contemplated by this statute, property of large value situate in Arapahoe county is withdrawn therefrom for the purposes of taxation, and the benefit of the revenue derived from the tax is apportioned to other counties, and thus the individual taxpayers

of Arapahoe county are discriminated against in favor of those living in other counties.

We are not aware that the county, which is but one of the subdivisions of the state and but one of its agencies, is the trustee for its taxpayers as a body, or that it is its duty to seek to set aside an act of the legislature upon the ground that it operates to the prejudice of any particular class of its inhabitants, and in favor of another. We need not determine whether aggrieved taxpayers of Arapahoe county could maintain this action. It is sufficient to say that, in our judgment, this question should not be decided except in a case where the owners of the property most concerned are parties, and where the issues demand it. Indeed, we are advised that one of the railroad companies of the state which has paid the tax upon its property in Arapahoe county as ascertained under this act has brought suit against the treasurer of the county, who threatens to sell the property because the tax based upon a valuation fixed by the county assessor has not been paid. If this case reaches us, and the point is properly preserved in the record, we can then determine the important question involved with due regard to the rights of all parties whose interests are affected.

The writ of error should, therefore, be dismissed.

*Writ of error dismissed.*