## Persse v. Gaffney.

1. Jurisdiction.

This court has no jurisdiction to review proceedings of the court of appeals where the judgment does not relate to a franchise or freehold and is for less than twenty-five hundred dollars and no construction of a constitutional provision is necessary to a determination of the case.

2. Same.

A failure by the lower court to observe a rule of pleading does not present a constitutional question or authorize this court to take jurisdiction to review the proceedings on the ground that such a question was involved.

*Error to the Court of Appeals.*

Mr. H. B. Johnson and Mr. J. M. Washburn, for plaintiff in error.

Messrs. Osborn & Taylor and Messrs. Riddell, Starkweather & Dixon, for defendant in error.

Per Curiam. This action was originally commenced in the district court of Arapahoe county, by D. B. Gaffney against Henry S. Persse. The object of the action was to secure an accounting of a copartnership business between the parties. As the result of such accounting, the district court rendered judgment against the defendant for the sum of fourteen hundred and fifty dollars, and costs. From this judgment an appeal was taken to the court of appeals. A review in that court resulted in the affirmance of the judgment of the district court. See *Persse v. Gaffney*, 5 Colo. App. 374. From this latter judgment a writ of error was sued out from this court, and an application made for a *supersedeas*, which was denied.

The writ of error must now be dismissed for want of jurisdiction to review the proceedings of the court of appeals, as the judgment does not relate to a franchise or freehold, and

is for less than twenty-five hundred dollars; and the determination of no constitutional provision, state or national, is necessary to a decision of the cause. The jurisdiction of this court is invoked on the ground that a constitutional question is involved, although an examination of the record shows that no such question was raised in the court of appeals. The action is the one ordinarily resorted to to obtain an accounting between partners. The only argument that has been made, in which it is claimed that a constitutional question is involved, is the brief filed upon the application for a *supersedeas*, in which brief it is urged that the property of the defendant is about to be taken without due process of law, counsel resting such claim upon the fact that no replication was filed to the defendant's answer. An examination of the pleadings discloses that no replication was necessary. Certain cross demands were set up in the answer, but these were admitted by the plaintiff upon the trial, and allowed by the court; and if the plaintiff in error relies upon pleading an account stated between the parties, no denial to this is necessary, for the reason that it is averred in the complaint that the defendant failed and refused to make a settlement and accounting of the business of the copartnership with the plaintiff.

Moreover, had a mistake been made in this regard, by the district court, this would not present a constitutional question such as would authorize this court to take jurisdiction. *Baker v. Barton*, 20 Colo. 506. The writ of error must be dismissed.

*Dismissed.*