## MC CORD, BRADY & CO. ET AL. v. ALBANY COUNTY NATIONAL BANK ET AL.

CHATTEL MORTGAGES—PAYMENT.

1.  Where a mortgagor of chattels, being a customer of a bank which holds the mortgage, makes deposits of moneys in the bank, and checks against such deposits during the continuance of the mortgage debt, not directing that the deposits be applied to the payment of the mortgage debt, and the bank not making such application thereof, the mortgage debt is not paid by the deposits, although, in the aggregate, without deducting the amounts drawn out, they exceeded the amount of the debt.  So held in a contest between the bank and subsequent mortgagees.

2.  Where book accounts of a merchant, existing at the time, are expressly included in a chattel mortgage, the collection of the accounts will not defeat the mortgagee's rights whether the proceeds are used to replenish the stock of goods or not, so long, at least, as such proceeds are in the hands of the mortgagor or the administrator of his estate.  So held, where the mortgage contains a provision that the mortgagor may use, handle, operate, market, and sell the property mortgaged, in the course of business, replacing the parts sold with other property of like kind and character, which is to become subject to the mortgage.

[Decided May 25, 1897.]

ON petitition for rehearing.    For former opinion and statement of the case see 6 Wyo., 507.

*N. E. Corthell*, for plaintiff in error, cited, Conkling v. Shelby, 28 N. Y., 360; New v. Sailors, 114 Ind., 407; Mayer v. Feig. id., 577.

*M. C. Brown*, for defendant in error.

CONAWAY, CHIEF JUSTICE.

Two grounds are alleged for rehearing:

1. "Because the court apparently misapprehended the scope of the litigation, erroneously conceiving it to embrace the mortgaged merchandise as well as accounts,

whereas the funds involved were wholly the proceeds of book accounts."

In the brief in support of the petition for rehearing it is stated that all claim to the proceeds of the mortgaged property was waived in the briefs of plaintiffs in error, and upon the hearing in the court below. If this be true, plaintiffs in error have no reason to complain, in this regard, of the affirmation of the judgment of the trial court. It is pretty clear from the evidence that the trial court allowed them something on account of some articles of mortgaged property, notwithstanding their waiver. Defendants in error might complain of this, but they have not complained.

2. "Because the court has apparently omitted from consideration the proposition that the indebtedness to The Albany County National Bank of Laramie City, had been paid in full."

The debtor was a customer of the bank, and made deposits there and checked against them during the continuance of the mortgage debt. It is claimed that these deposits in the aggregate, without deducting amounts drawn out, exceeded the amount of the mortgage debt: therefore, the debt was paid. The debtor did not direct that any of these deposits should be applied to the payment of the mortgage debt. Neither did the bank make such application of any of the deposits. It may be admitted that the bank might rightfully have made such application if it so desired. It did not do so. It was evidently the intention of both parties that such application should not be made. There is no evidence tending to show a payment of the mortgage debt. Something is said in the brief about "the collection of one series of accounts and the making of a new series." The accounts existing at the time of the execution of the mortgage were expressly included in the mortgage. It is clear that the collection of the accounts in the usual course of business would not defeat the mortgagee's rights whether the proceeds of the collection were used to replenish the stock of

goods or not, so long at least as such proceeds were in the hands of the mortgagor or his administrator.

We are not prepared to say that the plaintiff in error has any greater rights in what he terms the "new series of accounts or their proceeds" than he had in the goods and the "old series of accounts."

Such a construction would seriously interfere with the operation of those provisions of the statute authorizing sales in the usual course of business of portions of the mortgaged property, and the application of the proceeds of such sales to the payment of the mortgage debt or to the replacement of the mortgaged goods with goods of like kind.

*Rehearing denied.*

POTTER and CORN, JJ., concur.