[No. 3789.]

## Madden et al. v. Day, admr.

1. Practice—Appellate Jurisdiction.

Jurisdiction cannot be conferred upon the supreme court either because the question is one of importance, or because the inferior courts and litigants desire a decision by this court. Unless a constitutional question is fairly debatable, and has been properly raised, and is necessary to the determination of the particular controversy, appellate jurisdiction upon that ground does not exist.

2. Same.

The injection of a constitutional question into a decision of an inferior court by the latter, when the same is not necessary to a determination of the case, does not thereby invoke the jurisdiction of the supreme court upon review.

*Error to the Court of Appeals.*

*Motion to quash and dismiss writ of error.*

Mr. John H. Reddin, for plaintiff in error.

Mr. H. N. Haynes, for defendant in error.

Per Curiam. In reviewing the judgment of the district court, the court of appeals held that the lien of an attachment writ, secured by its levy before the passage of an act repealing that particular ground of attachment under which the writ issued, was still preserved; although the repealing act contained no special saving clause to that effect. This conclusion was based upon two grounds: *first*, that section 11 of article 2 of the constitution forbids the enactment of retrospective legislation, and as the lien, given under the repealed statute, constituted not merely a remedy but a fixed, substantial, or vested right in the creditor, the repealing statute, if interpreted as destroying, or attempting to destroy, such a lien, would contravene said section 11; hence the statute, if held valid at all, must be construed, as it may be, so as to effect, or apply to, such levies only as are made sub-

sequent to its enactment; *second,* the repealing act containing no provision to the contrary, the general saving clause statute (Session Laws, 1891, p. 366; 3 Mills' Ann. Stats. sec. 4189 *a* )— whose object is to protect prior rights and remedies — is to be read into it, so as to except from its operation previously acquired liens.   *Day v. Madden et al.,* 9 Colo. App. 464 (48 Pac. Rep. 1053).

It will thus be seen that a resolution of either one of these propositions against the plaintiffs in error here (who were the defendants in the attachment suit) necessarily determined the case against them.   The court of appeals, however, elected to rest its decision not merely upon the interpretation given by it to the statutes, but as well upon the constitutional ground mentioned.   The reason for so doing is thus expressed by the learned writer of the opinion :

" We have preferred, however, to put our decision on constitutional grounds, as well as on these general considerations. This has been done to protect, so far as we could, the rights of the present litigants, as well as to conserve the rights of other suitors whose interests may be affected by this opinion. Unless we are incorrectly informed, this matter has been before the various district courts of the state many times since the act of 1895 went into operation.   We are likewise advised by the profession that the district courts have divided on the question, many judges holding one way and many the other, which demonstrates to our mind that the question is a close one, of great perplexity and uncertainty, and one on which courts might well differ, and support their conclusions with almost equally persuasive reasons.   Our district courts are presided over by men of large experience and learning in the profession, and their opinions are entitled to great weight and respectful consideration; and, while they differ on this question, we regard it as only just and proper that we should unhesitatingly and fully express our views, *decide the constitutional question according to our best judgment, and put our decision on that ground that the parties to this suit, as well as other litigants in the state, may ultimately*

*have the maturer and probably more satisfactory conclusion of
the supreme court upon this question."*     48 Pac. Rep. 1058.

The language peculiarly appropriate to the present discussion, we have italicized.

While the motive, as thus expressed, may be praiseworthy, yet it does not follow that jurisdiction may be conferred upon this court either because the question is one of importance, or that the inferior courts and litigants desire a decision by this tribunal.   Our jurisdiction, by writ of error or appeal, if it exist at all, is conferred by the constitution or statute applicable to appellate proceedings, and not as the result of a desire, even though universal among subordinate courts, the profession and litigants, that we determine any particular legal proposition.

This court has repeatedly held that, unless a constitutional question is fairly debatable, and has been properly raised, and is necessary to the determination of the particular controversy, appellate jurisdiction upon that ground does not exist.   The case of *Hurd v. Carlile*, 18 Colo. 461, is practically decisive of this motion.   There the court of appeals rested its decision wholly upon an interpretation given by it to a statute, although a constitutional question was raised by counsel and pressed upon the court, which the latter refused to consider because the case went off upon the other proposition, viz: the meaning of the statute.

In the case at bar, the court of appeals, it is true, predicated its ruling not wholly upon the statutory ground, but upon that and an additional and constitutional one.   But the conclusion reached upon either one of these is decisive of the case against the plaintiffs in error here.   The one ground is purely statutory; the other involves the determination of the question whether or not this repealing statute is in violation of a constitutional provision.   The learned court did not say that the latter question was necessary to a determination of the controversy.   Indeed, it virtually held (and this must be so) that the other considerations, viz: the interpretation which it gave to these statutes, necessarily determined

the very merits of the case against the party who here seeks a review. But because, in the opinion of the court, the question determined was difficult, and the principle important, and one that was determined differently by different district courts, the reviewing tribunal proceeded to give another ground for its decision, viz: a constitutional one; which, in case it is essential to a determination of the controversy, invokes the jurisdiction of this court. The fact that, in the case of *Hurd v. Carlile, supra,* the court of appeals refused to decide a constitutional question, because not necessary to its decision, and in the case at bar did consider a constitutional question, although it was clearly not so essential, does not except the latter case (the one now before us) from the principle announced by us in the former case. In other words, the injection of a constitutional question into a decision of an inferior court, by the latter, when the same is not necessary to a determination of the case, does not thereby invoke the appellate jurisdiction of this court. In principle the case is like that where the parties themselves, by agreement, attempt to confer jurisdiction. But this is not permissible. *Arapahoe County v. Board of Equalization,* 23 Colo. 137. The feasibility or expediency of securing the decision by this court is not made by the constitution or the statute a ground of its appellate jurisdiction.

A decision of a constitutional question is always approached by courts with caution, and more or less reluctance, and is not made unless the necessities of the case require it.

In a proper case we will not evade the responsibility or duty to determine such questions; on the contrary, we will meet it. But this court is restricted, by law, in its appellate jurisdiction, to cases particularly designated. As this is not one of them, the writ of error should be dismissed, and it is so ordered.

*Writ of error dismissed.*