Bissell, P. J.,
delivered the opinion of the court.
The dealings between Paradice and Dolan Bros. & Smith in 1890 resulted in an account amounting to about sixteen hundred dollars, which the firm owed when this action was commenced. Paradice was a wholesale dealer in plumbers’ supplies, and the copartnership carried on their business in the city of Denver. A bill was presented to the firm early in January, 1891, for nearly two thousand dollars, and they paid some three hundred dollars on it — reducing the indebtedness to the amount claimed. Paradice sued out a writ of attachment, and filed the statutoi-y affidavit in which the grounds stated were two — fraud in the contraction of the debt, and that the goods should have been paid for on the 1st of January. When the case came to trial, and on the conclusion of the plaintiff’s testimony, the court held the allegation of fraud unproved, and submitted the other matter to the jury. There was a very large amount of testimony introduced as to the date the debt matured, for it was conceded on both sides if the goods were sold on time a right of action had not accrued to the plaintiff; but that if they were sold on terms that called for payment on the first of the ensuing month, the plaintiff rightfully brought his suit, and his ancillary writ could be maintained. In support of his contention, the plaintiff offered proof which tended to show that the goods sold during one month were payable about the first of the ensuing month, and that this had been the course of dealing between the parties. To overcome this proof, one of the Dolans and Smith, who were members of the firm, testified there was a specific agreement by which it was provided that all goods should be taken as sold on sixty days’ credit. What they attempted to prove was a definite agreement for a specific credit. The case was tiled to a jury, and the plain *316 tiff had a verdict on which judgment was rendered, and from which the firm appealed.
The appellant contends that there was no proof of an arrangement between the two houses with respect to the dealings which either specifically made the bills paj'able in the ensuing month, or from "which any such arrangement could be deduced. Of course, counsel concede, as they must, that if there was a uniform course of dealing between the parties, and there were definite rules of trade settled by the vendor which would bind the purchaser to pay at a definite date, and those rules and arrangements were brought home to the knowledge of the vendee, they would become obligatory and be taken as part and parcel of the transaction. But it is insisted that there is no evidence which warrants this conclusion. It must be admitted that the proof in this respect is not so clear nor so satisfactory as to leave the matter free from doubt; but we discover nothing in the record which would justify us in setting aside the verdict of the jury. In contravention of this proof, which lacks the robust and substantial force apparent in some cases, the defendants testified directly to a distinct, positive agreement between them and the vendor for a sixty-day credit. They were wholly unable, however, to satisfy the jury as to the truth of their contention. We -cannot say in the face of a verdict rendered against such testimony, that our impressions derived from the reading of the record should take the place of a positive conclusion arrived at by a body which was confronted with the witnesses. Counsel likewise insists with great vigor that the court erred in permitting proof to be introduced concerning the custom which prevailed in the business as carried on by the plaintiff, and that much of the testimony given by his clerks infringed upon the rule concerning the introduction of hearsay testimony. A careful examination of the record fails to convince us that the court committed serious error in this particular. It is possible that some little evidence crept in which a strict enforcement of the rule would have excluded; but we canuot see that the defendants were so seriously prejudiced *317 thereby as to entitle them to set aside the judgment. There was evidence given which adequately supports the verdict, and the judgment should not be disturbed.
It will accordingly be affirmed.

Affirmed.