## JANUARY TERM, 1895.

### PERSSE v. GAFFNEY.

1. EXCEPTION TO JUDGMENT—PRACTICE.

An exception to the judgment of the trial court is a condition precedent to a review of the evidence.

2. PRACTICE—REVIEW OF EVIDENCE.

When the questions presented for review are only those of fact, and there is evidence to support the finding, the judgment will not be disturbed.

3. SAME.

Appellate courts have a right to assume, when called upon to review decisions of other tribunals, that the court found those facts which are essential to the judgment, and that all evidence necessary to support it was offered, when the record is not full on any given proposition.

4. OPINIONS UPON APPLICATIONS FOR REHEARING.

It seldom occurs, except in those cases where some previously unsuggested legal proposition is found in the petition for rehearing, or there is some apparent basis for a contention that the court has overlooked or mistaken some facts which, according to the views of counsel, are of vital consequence in a settlement of the issue, that the court ever does more than simply deny the petition.

*Appeal from the District Court of Arapahoe County.*

Mr. H. B. JOHNSON and Mr. J. M. WASHBURN, for appellant.

Messrs. OSBORN & TAYLOR and Messrs. RIDDELL, STARKWEATHER & DIXON, for appellee.

BISSELL, P. J., delivered the opinion of the court.

There is no matter of law involved herein. The whole controversy is over the evidence, and the contention is as to the legitimate and necessary conclusions to be drawn from it. Two well settled propositions serve to dispose of the case—

the first requires no statement of facts. The record discloses neither objection nor exception to the judgment. The decisions are numerous to the point that an exception to the judgment is a condition precedent to a review of the evidence. *Burnell et al. v. Wachtel*, 4 Colo. App. 556; *Rocky Mountain Nat. Bank v. McCaskill*, 16 Colo. 408; *Hockmark v. Richler*, 16 Colo. 263.

The case was tried to the court, which found the facts adversely to the appellant. This likewise relieves us of the necessity to review the testimony. It precludes any reversal of the case, because the finding of the court might be against our conception of the preponderance of the proof. The whole controversy grew out of the copartnership relations which concededly existed between Persse and Gaffney from the time the firm was started, in 1892, to the time it ceased doing business in the fall of that year. There was conflict in the testimony as to the date at which two material events happened. Gaffney insisted that the firm was formed in January, while Persse contended with equal vigor that the partnership relation was not assumed until the ensuing month, and about the 7th of February. There would be very little trouble concerning this matter but for the fact that the transaction which the suit is about may possibly have had its inception earlier than the date at which Persse places the commencement of the business. The court, however, found this fact against him, and it sided with Gaffney that whatever the date might be it preceded the time when Persse and Gaffney had their dealings with The United Coal Company. That concern, very late in January or very early in February, through Mr. Cannon, its president, negotiated with the firm concerning the placing of some bonds of the company, amounting to about five hundred thousand dollars. It is insisted by Gaffney that the negotiations respecting this matter with Cannon began after the firm was formed, and the court so held. Considerable support is found in the testimony for this theory of Gaffney's and this decision of the court. At all events, nothing was done about the placing of

the bonds until long after the firm had started on its business career. Naturally, if the business was of the sort commonly done by firms of that description, little question can be made as to the right of the members of the firm to share in the profits of the transaction. There is some insistence by the appellant that this matter was not within the scope of the partnership, but this is not borne out by the history of the firm or by the nature of its business, and in any event the position could not be successfully maintained in face of the fact that the business was treated as partnership business by both Persse and Gaffney during the time it was done. It is wholly unnecessary to recite all the matters leading up to the original deal. It is enough to say that during its progress it became necessary for one member of the firm to visit New York in an attempt to place these bonds with capitalists for the uses and benefits of the company. Persse took this trip and spent a good deal of time in New York in company with C. C. Brown, who seems to have been brought into the deal by Persse very early in its history. Persse contends that the trip to New York was entirely at his own expense and for his own benefit, that only he and Brown were concerned in the result; but this is vigorously contradicted by Gaffney, who is very strongly upheld in his position by the letters which Persse wrote to him from New York while he was there in reference to the business. A very strong argument can doubtless be built up on the other side of the case from the printed record based upon the testimony of Persse and his son and Mr. Brown; but it would subserve no useful purpose for us to state that argument and attempt its overthrow by a consideration of the case which the plaintiff Gaffney made out on the trial. The court below heard the testimony, and, having seen the witnesses and listened to their evidence, found the facts against the appellant in respect to all these essential particulars. Such being the case, we are not at liberty to disturb the judgment. In accordance with this finding, the court entered judgment for Gaffney for one half of the profits which Persse realized from the

deal, less sundry credits to which he was entitled by reason of advances to Gaffney. The amount of the judgment seems not to be questioned, and since, in our opinion, it is exceedingly clear that the evidence upon the main propositions was conflicting, we shall adhere to our uniform rule and refuse to disturb the judgment. It will accordingly be affirmed.

*Affirmed.*

### ON PETITION FOR REHEARING.

BISSELL, P. J., delivered the opinion of the court.

We are constrained to deny this petition. It seldom occurs, except in those cases where some previously unsuggested legal proposition is found in the petition, or there is some apparent basis for a contention that the court has overlooked or mistaken some facts which, according to the views of counsel, are of vital consequence in a settlement of the issue, that the court ever does more than simply deny the petition. As we said, speaking by the president judge in *Dolan v. Paradice*, 4 Colo. App. 317 : " We are quite well aware that it is often a ground of complaint with counsel that the courts fail to consider and determine various matters which have been urged upon their attention in the oral and written arguments. It would be manifestly impossible to dispose of all the theories of attorneys in such a way that at the end of the opinion the judge could honestly write '*quod erat demonstrandum.*' " The principal contention upon this petition seems to be about the court's conclusion concerning the record. The petition is so elaborate, though scarcely characterized by the urbanity which usually characterizes the efforts of counsel, that we feel impelled to state some of our conclusions concerning the record.

We decline to reconsider the question of the necessity to object and except to the judgment to entitle a party to a review of the evidence on which it rests. This question is again and again raised and presented to the court's attention.

It has never been decided but one way, either by the supreme
court or by ours, and we are without the patience and are
too much pressed with living issues to discuss propositions
which are the settled law of the state. We are frank to say
that arguments which rest on discussions of such matters
raise a slight degree of distrust of the justness of the cause
in which they are urged. *Burnell v. Wachtel*, 4 Colo. App.
556; *Cripple Creek Syndicate Mining and Milling Co. v.
Snyder*, 414 *post*.

We must repeat what was first determined. The court
did find that the contract was either made after the firm was
formed, or the coal matter was by the subsequent acts and
conduct of the parties made a part of the firm business. It
must be conceded that there is no such specific, definite, cer-
tain, unmistakable finding of fact on this matter that the
finger can touch the prints of the nails in the hands. Coun-
sel may perhaps for this reason feel at liberty in his disputa-
tious way to " deny the proposition." But it is only because
there is no precise statement of this sort that the denial in
such form can in any way be justified. It is nevertheless
true appellate courts have a right to assume, when called on
to review decisions of other tribunals, both that the court
found those facts which are essential to the judgment, as well
as that all evidence necessary to support it was offered, when
the record is not full on any given proposition. The court
must have found one or the other of these suggested facts,
or the judge could not have rendered judgment for Gaffney.
It is no lack of exactitude in the use of terms for this court
to say that the *nisi prius* judge found these facts with Gaffney.
Since it is invited by the argument contained in the petition,
we must be permitted to say that we entirely agree with the
judge. While we were not thus obligated, we have again
both read and considered the testimony. We are thoroughly
satisfied that the coal matter was first brought to the atten-
tion of the parties after the partnership was formed; that it
was treated as partnership business by Persse after he entered
on the venture, and by all principles of fair dealings between

partners he was bound to account to Gaffney for his share of the profits.

The affirmance cannot be disturbed on the theory that the trial court failed to adjudge against Gaffney one half of the expenses of the trip to New York. Persse tendered the sole issue that Gaffney had no interest in the enterprise. He prayed no judgment based on the expenses, nor did he otherwise insist than by the testimony which he himself gave that Gaffney's share was subject to any deduction. The only proof, if any, which would justify judicial action with reference to an accounting, concerned the moneys which Persse paid out while he was engaged in his attempts to negotiate the deal. Manifestly, this was allowed. The share which Gaffney was adjudged entitled to was lessened by a sum sufficiently in excess of the counterclaim pleaded to cover what Persse's own evidence demonstrates was the total amount expended by him. This being true, it was hardly necessary for the court to order an accounting, nor is it incumbent on this tribunal to reverse the judgment for any such reason.

No other things seem necessary to satisfy the parties. This court has examined the case between all its four corners, and reached its conclusion after a reasonable consideration of the various contentions of the litigants. No other judgment ought to have been entered on the evidence and the rehearing will be denied.

*Rehearing denied.*