ON PETITION FOR REHEARING.
Bissell, P. J.,
delivered the opinion of the court.
We are constrained to deny this petition. It seldom occurs, except in those cases where some previously unsuggested legal proposition is found in the petition, or there is some apparent basis for a contention that the court has overlooked or mistaken some facts which, according to the views of counsel, are of vital consequence in a settlement of the issue, that the court ever does more than simply deny the petition. As we said, speaking by the president judge in Dolan v. Paradice, 4 Colo. App. 317: “We are quite well aware that it is often a ground of complaint with counsel that the courts fail to consider and determine various matters which have been urged upon their attention in the oral and written arguments. It would be manifestly impossible to dispose of all the theories of attorneys in such a way that at the end of the opinion the judge could honestly write ‘ quod erat demonstrandum.’” The principal contention upon this petition seems to be about the court’s conclusion concerning the record. The petition is so elaborate, though scarcely characterized by the urbanity which usually characterizes the efforts of counsel, that we feel impelled to state some of our conclusions concerning the record.
We decline to reconsider the question of the necessity to object and except to the judgment to entitle a party to a review of the evidence on which it rests. This question is again and again raised and presented to the court’s attention. *378 It has never been decided but one way, either by the supreme court or by ours, and we are without the patience and are too much pressed with living issues to discuss propositions which are the settled law of the state. We are frank to say that arguments which rest on discussions of such matters raise a slight degree of distrust of the justness of the cause in. which they are urged. Burnell v. Wachtel, 4 Colo. App. 556; Cripple Creek Syndicate Mining and Milling Co. v. Snyder, 414 post.
We must repeat what was first determined. The court did find that the contract was either made after the firm was formed, or the coal matter was. by the subsequent acts and conduct of the parties made a part of the firm business. It must be conceded that there is no such specific, definite, certain, unmistakable finding of fact on this matter that the finger can touch the prints of the nails in the hands. Counsel may perhaps for this reason feel at liberty in his disputatious way to “ deny the proposition.” But it is only because there is no precise statement of this sort that the denial in such form can in any way be justified. It is nevertheless true appellate courts have a right to assume, when called on to review decisions of other tribunals, both that the court found those facts which are essential to the judgment, as well as that all evidence necessary to support it was offered, when the record is not full on any given proposition. The court must have found one or the other of these suggested facts, or the judge could not have rendered judgment for Gaffney. It is no lack of exactitude in the use of terms for this court to say that the nisiprius judge found these facts with Gaffney. Since it is invited by the argument contained in the petition, we must be permitted to say that we entirely agree with the judge. While we were not thus obligated, we have again both read and considered the testimony. We are thoroughly satisfied that the coal matter was first brought to the attention of the parties after the partnership was formed; that it was treated as partnership business bjr Persse after he entered on the venture, and by all principles of fair dealings between *379 partners he was bound to account to Gaffney for his share of the profits.
The affirmance cannot be disturbed on the theory that the trial court failed to adjudge against Gaffney one half of the expenses of the trip to New York. Persse tendered the sole issue that Gaffney had no interest in the enterprise. He prayed no judgment based on the expenses, nor did he otherwise insist than by the testimony which he himself gave that Gaffney’s share was subject to any deduction. The only proof, if any, which would justify judicial action with reference to an accounting, concerned the moneys which Persse paid out while he was engaged in his attempts to negotiate the deal. Manifestly, this was allowed. The share which Gaffney was adjudged entitled to was lessened by a sum sufficiently in excess of the counterclaim pleaded to cover what Persse’s own evidence demonstrates was the total amount expended by him. This being true, it was hardly necessary for the court to order an accounting, nor is it incumbent on this tribunal to reverse the judgment for any such reason.
No other things seem necessary to satisfy the parties. This court has examined the case between all its four corners, and reached its conclusion after a reasonable consideration of the various contentions of the litigants. _ No other judgment ought to have been entered on the evidence and the rehearing will be denied.

liehearing denied.