[No. 4312.]

## THE FANNY RAWLINGS MINING CO. v. TRIBE.

1. APPELLATE PRACTICE—FINDINGS OF TRIAL COURT—PRESUMPTIONS.

In the absence of specific and unambiguous findings of fact to the contrary, appellate courts must assume that the lower court intended to find those facts which are responsive to the issues made by the pleadings, and essential to the judgment rendered. The findings of fact must be construed as a whole.

2. FINDINGS OF FACT—PLEADING—LOANS—INTEREST.

Where the plaintiff alleged that she loaned to defendant, a corporation, a certain number of shares of the capital stock of defendant, which defendant agreed to return when it was able to do so, and that defendant agreed to pay plaintiff interest on an agreed valuation of the stock, and that defendant had refused to comply with its agreement, and the defendant denied that the stock was borrowed from plaintiff but alleged that it was donated to defendant by plaintiff's husband, findings of fact by the trial court that plaintiff was the owner of the shares, that she placed them in the hands of her husband as her agent to be transferred to defendant as a loan, that defendant received them without paying any consideration therefor, and ever since retained and used the same and that there was in the treasury of defendant sufficient of its capital stock to pay the debt to plaintiff, were responsive to the issues made by the pleadings and will support a judgment in favor of plaintiff for the return of the stock. The fact that the court did not find in favor of plaintiff for the interest claimed is not inconsistant with the claim of loan.

3. EVIDENCE—LOANS—DONATIONS.

In an action to recover certain shares of capital stock which plaintiff alleged she loaned to defendant and which defendint claimed were donated to it by plaintiff's husband, where the evidence shows that the stock belonged to plaintiff, and there was testimony that plaintiff's husband delivered the stock to defendant, representing it as a loan from plaintiff, and the board of directors of defendant understood that the stock was transferred directly from plaintiff to defendant, and subsequently defendant's secretary executed a receipt in which he acknowleged that the stock had been received of plaintiff's husband as a part of his subscription to a loan to defendant, the evidence was sufficient to sustain the finding of a loan by plaintiff to defendant.

4. JUDGMENTS—ALTERNATIVE—LOANS.

In an action to recover certain shares of capital stock of defendant, a corporation, loaned by plaintiff to defendant, where the trial court

found in favor of plaintiff for the return of the stock and found that there was sufficient capital stock in the treasury of defendant to discharge the claim, it was error to render an alternative judgment for the return of the stock or in lieu thereof for its value. The judgment should have been only for a return of the stock.

*Appeal from the District Court of El Paso County.*

Messrs. HALL, BABBITT & THAYER, for appellant.

Mr. CHARLES F. POTTER and Mr. H. McGARRY, for appellee.

Mr. JUSTICE GABBERT delivered the opinion of the court.

Appellee claims to have loaned appellant forty thousand shares of its capital stock under an agreement that such stock was to be returned when the company was able to do so, with interest at the rate of one per cent per month from date of such loan on $4,000, the agreed value of such stock. The stock in question was delivered, and appellee thereafter made a demand for its return, in accordance with her alleged agreement. Appellant refused to comply with this demand. Appellee commenced an action to compel the company to perform its agreement under which she claimed the stock was delivered. For answer the company denied that any such agreement was made, and further claimed that the stock in question was donated by her husband, Thomas Tribe. By replication appellee denied such donation, and averred that at the time of the delivery of the stock to the company, the latter well knew when it received the same that it stood upon its books in her name and was her property. She recovered judgment for the return of the stock, or, in lieu

thereof, for $4,000, its value. The defendant company brings the case here for review on appeal, and assigns the following errors:

1. The judgment is not based upon the pleadings.

2. There was a valuable consideration for the transfer of the stock.

3. Appellee is bound by Thomas Tribe's disposition of the stock.

4. The transaction was really a surrender of the stock.

For cross-error the appellee assigns the action of the court in rendering a judgment in the alternative, whereby the appellant was given the option of returning the stock in controversy, or, in lieu thereof, pay the sum of $4,000, its value. On this proposition appellee contends that the judgment should be for the return of the stock.

In support of the first assignment of error, it is contended by counsel for the defendant that the issues tendered by the pleadings were, whether there was a contract of loan, as claimed by plaintiff, or whether, as the defendant claims, the stocks were turned into its treasury as a donation, and that upon these issues the case was tried. The court made the following findings of fact:

"1. That on October 8, 1892, the plaintiff was the owner of 40,000 shares of the capital stock of the defendant company, evidenced by certificates Nos. 48, 49, 53 and 54, each for 10,000 shares.

2. That upon the date last aforesaid, plaintiff placed in the hands of her agent, Thomas Tribe, the certificates enumerated, properly endorsed, to be transferred by him to the defendant company as a loan.

3. That the defendant company, through its proper officers, received 40,000 shares of its capital stock, as evidenced by certificates Nos. 48, 49, 53 and 54, without paying any consideration therefor, and has since retained and used the same.

  *   *   *   *   *   *   *

5. That there is now in the treasury of the defendant company sufficient of its capital stock to pay the indebtedness of plaintiff."

Counsel for defendant claim that these findings are not responsive to the issues made by the pleadings; that they are to the effect that the husband of plaintiff did not follow his instructions, and therefore the facts found show the contract counted upon was never made; and further, the judgment rendered was based upon the theory that plaintiff was entitled to equitable relief, when her action was one at law only.

Appellate courts must assume, in the absence of specific and unambiguous findings of fact to the contrary, that the lower court intended to find those facts which are responsive to the issues made by the pleadings, and essential to the judgment rendered. *Persse v. Gaffney*, 5 Colo. App. 374. The findings of fact must be construed as a whole. When so construed, it appears the trial court found that on October 8, 1892, plaintiff was the owner of 40,000 shares of the capital stock of the company, which upon that date she placed in the hands of her agent, Thomas Tribe, to be transferred by him to the company as a loan, and that it received them from him upon that date. True, finding 3 does not state, in terms, that they were received as a loan from plaintiff, but it does say they were received without consideration,

and that it has since retained and used the same. This is entirely in harmony with the claim of plaintiff, that they were loaned, because, according to her theory, there was no consideration for such a loan other than the promise of the defendant to pay interest and return such stock when able. It may be urged, however, that this finding is equally in harmony with the claim of the defendant that the stock in question was donated by Thoms Tribe. This theory is negatived by the fifth finding, to the effect that the defendant has sufficient of its capital stock on hand to repay plaintiff. If the court had intended to find, as contended by counsel for defendant, that the stock was donated by Thomas Tribe, without authority and in such circumstances that the donation was not binding upon plaintiff, it would not have been necessary, in order to establish her right to a recovery for its value, under such a state of facts, to further find that the defendant company was now able to repay or return the stock. This latter finding is in line with the contention of plaintiff that the loan was to be repaid when the conditions existed which would enable the defendant to return her loan in kind.

That the court did not find in favor of the plaintiff for the interest claimed is not inconsistent with the claim of loan. This would be the result if, in the opinion of the trial judge, the contract to pay interest was not established.

The remaining questions, as well as the collateral ones presented in connection with them, all go to the one proposition: Is the evidence sufficient to sustain the claim of plaintiff that the transaction which is the basis of this action was a loan of her stock to the company? They have been ably and ingen-

iously argued by counsel for defendant, but it is unnecessary to go into them in detail.   Estoppel, ratification, notice and kindred propositions are immaterial, except in so far as they may bear upon the contention of the defendant that the transaction was a donation of the stock in controversy.   The evidence bearing on these subjects, as well as all testimony, has been considered by the trial court, and its findings of fact, if sustained by competent legal evidence, cannot be disturbed.   The evidence establishes that the stock belonged to plaintiff.   There is testimony to the effect that her husband delivered the certificates representing it to the president of the company as a loan from her.   The board of directors understood that these certificates were transferred directly from the name of Mrs. Tribe to the treasury.   Subsequent to the delivery of the certificates, the secretary of the company executed a receipt in which he acknowledged that 40,000 shares of the Fanny Rawlings Mining Company stock had been received of Thomas Tribe by the company as a part of his subscription to the loan.   While it is true this receipt indicates that the loan was made by him instead of plaintiff, this statement is of no particular consequence in view of the fact that the receipt recognizes the delivery of the stock as a loan.   Had it recited that the stock in question had been donated by her husband, it might present a different question; but being recognized as a loan, it certainly does not indicate that the transaction between Thomas Tribe and the company was of another or different character from that stated. . This testimony is certainly sufficient to sustain the claim of the plaintiff, that the stock was loaned, and support the finding of the trial court that such was the character of the transaction.   This finding nec-

essarily resulted in finding all collateral questions in favor of plaintiff. True, there is testimony introduced on behalf of the defendant which contradicts the statements of the plaintiff and her witnesses regarding the transaction, but it was within the province of the trial court to consider and weigh the conflicting statements, and having done so, and resolved the issues to which they were directed, in favor of plaintiff, we are not at liberty to disturb its findings on these subjects when the testimony is sufficient to sustain them. So far as the defendant is concerned, the judgment should not be disturbed.

At the time the judgment was rendered the plaintiff excepted to that part which reads: "in lieu thereof for $4,000, its value." This exception saved the point urged by plaintiff, that the court erred in rendering the alternative part of the judgment of which she complains, and brings that matter here for review. According to the findings of the trial court, the plaintiff was entitled to the stock. There was sufficient stock in the treasury of the company to discharge this claim. In such circumstances, the defendant should not have been given the option to satisfy the judgment by the payment of the value of the stock. The prime object of the action was to recover the stock in controversy if the defendant was able to satisfy a judgment to that effect. A judgment must conform to the pleadings and evidence, and give the parties that relief to which they are thereby entitled. The cross-error assigned by plaintiff must be sustained, and it is so ordered.

The cause is remanded to the district court with directions to amend its judgment by striking the alternative provision, giving the defendant the option to retain the stock upon the payment of four thou-

sand dollars; and as thus amended, the judgment
will be affirmed.

*Modified and affirmed.*