[No. 5018.]
[No. 2569 C. A.]

BURNETT v. DOYLE ET AL.

1.  **Appellate Practice—Parties—Objections in Trial Court.**

Objections to answers of parties defendant on the ground that the parties filing the answers had not complied with the statutes or code in making themselves parties will not be considered on appeal where no such objections were made in the trial court.

2.  **Appellate Practice—Findings—Presumptions.**

In the absence of specific findings of fact to the contrary the appellate court will presume that the trial court intended to find those facts which are responsive to the issues made by the pleadings and essential to the judgment rendered.

*Appeal from the District Court of Arapahoe County: Hon. John I. Mullins, Judge.*

Messrs. WARD & WARD, for appellant.

Mr. W. L. DAYTON and Mr. WILBUR F. DENIOUS, for appellees.

Mr. JUSTICE MAXWELL delivered the opinion of the court.

Doyle (appellee) sued The New Creamery Restaurant Company in attachment and caused to be issued garnishment summons, which was served on The Festival of Mountain and Plain Association, which answered, No indebtedness.

The answer of the garnishee was traversed by Doyle, and an indebtedness from the garnishee to the restaurant company of $206.50 was alleged.

The traverse also alleged that the restaurant company was a corporation; that one J. J. Wood was its general manager; that on September 19, 1899, the festival association and restaurant company, acting through Wood, its manager, entered into a contract whereby there became and is due the restaurant company from the festival association $206.50; that at the time the contract was made the festival association had full knowledge and notice that Wood was the manager and general agent of the restaurant company and acting for and on behalf of the restaurant company.

In reply to this traverse the festival association filed a petition wherein it set forth the service of the garnishee summons, its answer to the same, and the traverse thereof, and that the issue presented by its answer and traverse could not be determined without prejudice to the rights of other parties, for the following reasons: That the association September 21, 1899, entered into a contract with J. J. Wood whereby the association became and is indebted to Wood in the sum of $206.50; that September 22, 1899, Wood assigned in writing to J. A. Burnett (appellant) all moneys to become due him under said contract; that said assignment in writing was served on the association October 2, 1899, 3.50 p. m., sub-

sequent to the service of the garnishment summons herein; that February 16, 1900, Burnett commenced suit against the association in the district court of Arapahoe county to recover the identical $206.50 involved herein; that the association has filed its answer setting forth facts substantially as set forth in its petition; that plaintiff Doyle claims the .same money under the garnishment issued against the association as due the defendant the restaurant company; that October 28, 1899, garnishment summons was served on the association in suit of one Wilhelm against J. J. Wood, to which summons the association made answer that it was indebted to Wood in the sum of $206.50, subject to the assignment made by Wood to Burnett; that said sum of $206.50 claimed by plaintiff (appellee) is also claimed to be due Burnett and Wilhelm.  Prayer is that Burnett and Wilhelm be made parties to this action.

The answer of Burnett to the petition of the association admits the allegations of the same and avers that the assignment of Wood to Burnett was filed with the association October 2, 1899, and prays that the $206.50 be adjudged his property.

By order of the trial court, Burnett's complaint in his suit against the association was made a part of his pleadings to the petition of the association.

Wilhelm, pursuant to the order of the trial court, filed his answer to the petition of the association, in which he in substance sets forth the commencement of two suits by him against Wood; the issuance and service of garnishment summons on the association; the answer of the association to the effect that it owed ·Wood $125; charges the association with certain representations which estop it to deny its indebtedness to Wood in an amount sufficient to satisfy his claim.

Doyle replied to the answer of Burnett, in substance denying the validity of the assignment of the

contract by Wood; the good faith of Burnett; his knowledge of the fact that Wood made the contract assigned to him as general manager and agent of the restaurant company; that the contract was made with the intention of defrauding the creditors of the restaurant company, of which fact Burnett had knowledge, and other matters not material to this discussion.

Doyle also replied to the answer of Wilhelm, in substance alleging that the money due from the festival association was the property of the restaurant company, and that same was not the property of Wood and not subject to garnishment in any suit against Wood.

To the answers of both Wilhelm and Burnett Doyle interposed objections that said parties had not complied with the statutes or code in making themselves parties to the suit, and for that reason their answers should be disregarded.

It does not appear from the record that this objection was presented or urged in the court below. The court was given no opportunity to pass upon the same, and for this reason we do not consider or pass upon this point.

The judgment was against Burnett, who appealed to the court of appeals.

The pleading as hereinbefore outlined presented two issues of fact:

1. That the contract entered into by and between Wood and the festival association, while in the name of Wood, was in fact the contract of the restaurant company.

2. That Burnett at the time of taking the assignment of the contract from Wood had knowledge of the above fact.

The trial court made no specific findings of fact, simply adopting the view taken by counsel for Doyle.

"Appellate courts must assume in the absence of specific and unambiguous findings of facts to the contrary that the lower court intended to find those facts which are responsive to the issue made by the pleadings and essential to the judgment rendered."— *Fanny Rawlings M. Co. v. Tribe*, 29 Colo. 302, 305; *Persse v. Gaffney*, 5 Colo. App. 374.

Applying this rule, the trial court must have resolved the issues stated, in favor of Doyle and against Burnett, which conclusion finds support in the evidence adduced at the trial, and cannot be disturbed by this court.

The judgment will be affirmed.     *Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE GUNTER concur.