[No. 5023.]
[No. 2574 C. A.]

DEANER v. O'HARA ET AL.

1. **Appellate Practice—Practice in Civil Actions—Findings at Variance with Pleadings and Evidence.**

A finding at variance with and outside of any issue made by the pleadings and unsupported by the evidence, is unwarranted and must be treated as a nullity.—P. 478.

2. **Same—Practice in Civil Actions—Judgment—Findings.**

The court, by rendering judgment in favor of a partner in an action against a copartner for an interest in property acquired by the latter by the use of partnership property, must have found that the copartner acquired the particular property with the partnership property and that he had denied the former the right to share therein.—P. 479.

3. **Appellate Practice—Findings—Presumptions.**

In the absence of a specific finding of fact to the contrary, it must be assumed that the trial court found those facts which are responsive to the issues made by the pleading and which are essential to the judgment rendered.—P. 479.

4. **Partnership—Acquisition by one Partner of Property Acquired by Use of Partnership Property—Right of Copartner to Share Therein.**

Where a partner, having possession of partnership property, uses the same to acquire property in his own name, the property so acquired inures to the benefit of his copartner, and the latter may demand an interest in the property obtained corresponding in extent to his interest in the original partnership property.—P. 479.

5. **Trusts—Resulting Trusts—Partnership—Right of Copartners.**
The interest which a partner has in property acquired by a copartner having possession and control of partnership property and who used the same in the acquisition of the particular property, is a resulting trust, but in order to enforce such a trust, the contract or transaction out of which it arises must be established by clear, certain and convincing evidence.—P. 479.

*Appeal from the District Court of Lake County.*
*Hon. Frank W. Owers, Judge.*

*On Rehearing.*

Action by Hugh O'Hara and Helen O'Hara against William F. Deaner. From a judgment for plaintiffs, defendant appeals.      *Reversed.*

Mr. CHARLES CAVENDER and Mr. GEORGE F. BURTCH, for appellant.

Mr. A. S. BLAKE and Mr. P. N. WALL, for appellees.

Mr. JUSTICE GODDARD delivered the opinion of the court:

The appellant and appellees were the owners of, and engaged in working, a mining lease known as the McAlister lease from June 28 until the latter part of September, A. D. 1900. The lease by its terms expired the first day of January, A. D. 1901. It covered that portion of the workings between the second and third levels of the Maid of Erin, Henriette and Adams mining claims, situate in Lake county, Colorado. It was worked at a loss up to September 18, 1900, when a settlement was had between the parties, and appellees paid to appellant their proportion of the balance of assessments then due. Appellant then informed appellees that he proposed to do a little more work to determine whether a small streak of ore continued, and, if it did not turn out

favorably, he was through, and should quit the lease. He returned to the property and commenced doing some underhand stoping from the third level, which was included in the lease known as the Baker lease, following a small streak of ore down into the McAlister ground which soon pinched out, and afterwards, and about the 24th of September, 1900, he went to work upon another piece of ground on the third level covered by the Baker lease, about seven or eight hundred feet south of the point where he did the underhand stoping, where, after driving a drift some thirty feet and an upraise some fifteen feet from the back of the drift, he found a body of ore from which he realized a net profit of $3,836.96. This work was done by appellant and two men employed by him, at an expense of about $1,000.

The controlling and only controverted question presented by the pleadings is whether appellant acquired the right to work this portion of the ground included in the Baker lease, in consideration of his granting to the owners of the Baker lease the privilege of using the drift and upraise included in, and covered by, the McAlister lease. In other words, did appellant purchase this portion of the Baker lease with the property belonging to the partnership? The court below rendered judgment for appellees. There was no request for special findings of fact; but the court below, of its own motion, made several findings, one of which was to the effect that the appellees were excluded from all participation in the McAlister lease, and in the proceeds and profits resulting therefrom. This finding is not only at variance with, but outside of, any issue made by the pleading, and finds no support in the evidence. It was, therefore, unwarranted, and must be treated as a nullity.—*Newby v. Myers,* 44 Kan. 477; *Marks v. Sayward,* 50 Cal. 58; *Hall v. Arnott,* 80 Cal. 348.

Upon the particular issue presented by the pleadings, the lower court made no finding except as indicated by the judgment rendered. By rendering judgment for the appellees, the court must have found the issue in their favor, and that appellant did purchase and acquire the interest in the Baker lease with the partnership property, and denied the right of appellees to share in the profits derived therefrom. In the absence of a specific finding of fact to the contrary, we must assume that the lower court intended to find those facts which are responsive to the issues made by the pleadings, and essential to the judgment rendered.—*Fanny Rawlings M. Co. v. Tribe,* 29 Colo. 302; *Persse v. Gaffney,* 5 Colo. App. 374; *Drake v. Justice G. M. Co.,* 32 Colo. 259.

It is a well settled rule of law that where one partner, having possession and control of partnership property, uses the same to acquire property in his own name, the property so acquired inures to the benefit of his co-partner, and his co-partner may demand an interest in the property obtained corresponding in extent to his interest in the original partnership property. The interest so acquired that inures to the benefit of the co-partner is a resulting trust, and in order to enforce such a trust the contract or transaction out of which it arises must be established by clear, certain and convincing evidence. —*McClure v. La Plata County,* 19 Colo. 122; 2 Pomeroy's Equity Jurisp., § 1058; Perry on Trusts, § 137.

The testimony as to whether the appellant obtained the privilege of working that portion of the Baker lease from which the ore was taken in consideration of the use of the workings on the McAlister lease, is conflicting, and when tested by the foregoing rule is insufficient to sustain appellees' contention. It does not satisfactorily appear from Hanifen's testimony, who is the only witness on be-

half of appellees as to the agreement alleged to have been made with Deaner, what portion of the Baker lease the agreement did cover, or that he, Deaner, acquired the right to work thereunder at the point where the ore was mined.

Our former opinion is withdrawn, and for the foregoing reasons, the judgment will be reversed and the cause remanded for a new trial.

*Reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE BAILEY concur.