## D. NEWBY *et al.* v. S. E. MYERS.

1. PLEADINGS — *Evidence.* The evidence in a case must correspond with the allegations of the pleadings, and be confined to that point or points in issue.

2. FINDING OF FACT, *When a Nullity.* The findings of fact of a trial court must be upon the issue or issues made in the pleadings, and every finding of fact not found upon any issue is a nullity.

3. PLEADINGS — *Error in Receiving Evidence.* Where the only issue presented by the pleadings to recover upon a promissory note is whether the defendants ever executed the note, and the court finds as a fact that the defendants never executed, or authorized the note to be executed for them, it is error, in the absence of any amendment to the pleadings, for the court, in order to show that the defendants are estopped from denying the execution thereof, to receive evidence and make findings showing that subsequently to the execution of the note, the defendants, by their acts and declarations, are estopped from contesting their signatures, or their liability upon the note.

4. CASE-MADE — *Entire Evidence — Certificate.* In order to have the question whether the evidence supports the findings and judgment examined, the case-made should show that it contains all the evidence. A statement to that effect in the certificate of the district judge settling the case, or in the notice served with the case upon the opposing party, when such notice is not a part of the case-made, is insufficient.

*Error from Elk District Court.*

THE facts are stated in the opinion.

*R. H. Nichols & Jackson,* for plaintiffs in error.

*L. Scott,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: On the 28th day of December, 1887, S. E. Myers filed his petition against N. Davis, D. Newby and C. W. Bogue, to recover $1,244.65 upon a promissory note, payable to his order, dated March 8, 1887, and alleged to have been executed by N. Davis, D. Newby, and C. W. Bogue. The defendants, D. Newby and C. W. Bogue, filed their separate answers, duly verified, alleging they never signed or executed

the note described in the petition, and also alleging they never authorized anyone to sign their names for them. Trial had before the court, at the February term, 1888, a jury being waived. The court, after hearing the evidence and the arguments of counsel, made and filed the following findings of fact:

"1. The defendants, D. Newby and C. W. Bogue, did not, nor did either of them, sign the promissory note described in plaintiff's petition; nor did said defendants, or either of them, authorize any person to sign the name or names of Newby and Bogue, or either of them, to the promissory note.

"2. The defendant, D. Newby, by his acts and ·conduct in regard to the promissory note, is estopped from denying the execution of the same, and is liable thereon.

"3. The defendant, C. W. Bogue, with full knowledge that he had not signed the promissory note, upon presentation thereof to him, ratified and adopted the execution thereof, as his own act, and by reason of his conduct and acts in regard to the note, is estopped from denying his liability on the note, and he is liable thereon."

Subsequently, upon the findings of fact, the court rendered judgment in favor of the plaintiff, and against all of the defendants, for $1,381.46, and the costs of the action, taxed at $139.55. To the rulings of the court, to the second and third findings of fact, and the judgment rendered, the defendants, D. Newby and C. W. Bogue, excepted, and bring the case here.

As the first finding of fact by the trial court was favorable to Newby and Bogue, that finding is not challenged, but it is contended that there is no evidence in the record sustaining or tending to sustain, the other findings. The certificate of the judge who settled the case-made stated that it contains all of the evidence offered upon the trial of the cause, excepting the evidence offered to prove or disprove the genuineness of the signatures of Newby and Bogue to the promissory note sued on. A like statement is contained in the notice served by Myers upon Newby and Bogue at the time the case-made was handed to their attorney. This notice also requested Newby and Myers to suggest amendments to the case, as per-

mitted by the statute. It is not stated in the case-made that it contains all the evidence introduced upon the trial upon the controverted issues. As the court found against Myers and in favor of Newby and Bogue against the genuineness of their signatures, it was unnecessary for the evidence upon this matter to be embraced in the record brought to this court, provided all the other material evidence was in the record.

A statement in a certificate of the judge, or in the notice served with the case, but which is no part of the case, is insufficient.

In order to have the question whether the evidence supports the findings and judgment examined, the case-made should show that it contains all the evidence. (*Eddy v. Weaver*, 37 Kas. 540; *Railroad Co. v. Grimes*, 38 id. 241; *Bartlett v. Feeney*, 11 id. 594; *Brown v. Johnson*, 14 id. 377; *Insurance Co. v. Hogue*, 41 id. 524; same case, 21 Pac. Rep. 641.) Therefore the evidence offered upon the trial is not before us for our consideration. The record, however, discloses objections made to testimony, as well as the rulings of the court thereon. The record also shows that exceptions were taken to the second and third findings of fact, and the judgment rendered thereon. The question is therefore presented whether, upon-the pleadings and the findings of fact, the judgment can be sustained. We think not. The evidence in a case must correspond with the allegations of the pleadings, and be confined to the point or points in issue. (1 Greenl. Ev., § 50.) Again, findings of fact of a trial court must be upon the issue or issues made in the pleadings. Findings of fact which are not in·issue by the pleadings, may be wholly disregarded and treated as immaterial. (*Brenner v. Bigelow*, 8 Kas. 496; *Mays v. Foster*, 26 id. 518.) In this case the petition alleges the execution of the promissory note sued on by Newby and Bogue. The answer of the defendants denying the execution of the note was verified, and therefore the only issue of fact upon which the court was required to find was whether Newby and Bogue, or either of them, signed the promissory note sued on, or authorized any person to sign it for them. Upon this

issue the court found in favor of Newby and Bogue, and against Myers. Therefore upon the issue presented by the pleadings, the defendants succeeded. Upon that issue it is conceded by both parties that none of the evidence is here. Upon the finding of the court that neither Newby nor Bogue signed the note, nor authorized it to be signed, Myers was not entitled to recover. There were no allegations in the petition, or in the reply of the plaintiff below, setting forth any words or any acts of Newby and Bogue, either of omission or commission, showing or tending to show they were estopped from denying the execution of the note. The question of estoppel was not in issue by the pleadings, and therefore the evidence offered tending to show matters of estoppel only, did not correspond with the allegations of the pleadings, and was not upon the point in issue.

The second and third findings of fact of the court were not on matters in issue by the pleadings. If plaintiff below intended to charge Newby and Bogue with a liability, because of things done long after he received and accepted a note which they never signed, then allegations tending to show such a liability, by estoppel or otherwise, should have been alleged in the petition or in the reply. Nothing of the kind was done. It is conceded that Davis forged the names of Newby and Bogue to the note sued on. To hold Newby and Bogue, or either of them, liable on the note on account of subsequent language or conduct, Myers must show that by their declarations and acts, made knowingly and deliberately, they induced him to believe certain facts to exist, and that he rightfully acted on the belief so induced, and was misled thereby to his detriment or injury.

As the trial court received evidence and made findings upon matters wholly outside of the issue presented by the pleadings, it committed error greatly to the prejudice of the defendants below.

The judgment of the trial court will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.