THE F. HAMMAR PAINT COMPANY v. GEORGE C. GLOVER.

1. WARRANTY—*Breach*—*Damages.* In an action for damages for a breach of warranty concerning the quality of certain paint, probable or future damages, which are not certain, fixed, or liquidated, cannot be allowed.

2. ———— *Nominal Damages.* If there is a breach of warranty in the sale of personal property on the part of the seller, the right of nominal damages exists at once in favor of the purchaser.

3. ———— *Elements of Damages.* If a breach of warranty on the part of the seller in the sale of paint, or any similar article of use, has involved the purchaser in a legal liability to pay money, or to incur expense to other parties for whom he did work with the paint or other article, to relieve himself against the effects of the bad quality of the paint or other article, such liability or expense, if certain, fixed, or liquidated, whether paid or not, constitutes an element of damages for which the defendant is entitled to recover.

*Error from Lyon District Court.*

THE opinion states the nature of the action and the material facts. Judgment for the defendant, *Glover*, at the September term, 1888, for $248 damages. The plaintiff *Company* brings the case to this court.

*J. G. Hutchison,* for plaintiff in error.

*Lambert & Dickson,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: Several preliminary questions are presented in this case, but we need to refer to one only. It is urged that the case-made does not, in terms, purport to contain all of the evidence. We have carefully examined the alleged omissions from the record, and are of the opinion that it does not properly show that all the evidence is preserved. (*Ryan v. Madden,* 46 Kas. 245; same case, 26 Pac. Rep. 679.) There is no statement at the end of the testimony showing the case contains all that was offered. The stenographer certifies that the record contains a true and correct copy of her

short-hand notes of the evidence, excepting the matter set forth on page 21½ of the record. A statement is also included in the certificate of the judge who settled the case, to the effect that it embraces the evidence introduced on the trial, but the certificate and the statement of the district judge are ineffectual to accomplish the purpose intended. (*Railroad Co. v. Grimes*, 38 Kas. 241; *Eddy v. Weaver*, 37 id. 540.)

We have decided, time and again, that—

· "In order to have the question whether the evidence supports the findings and judgment examined, the case-made should show that it contains all the evidence. A statement to that effect in the certificate of the district judge settling the case, or in the notice served with the case upon the opposing party, when such notice is not a part of the case-made, is insufficient." (*Newby v. Myers*, 44 Kas. 477.)

It is urged that the case contains the evidence, within the rule laid down in *Dewey v. Linscott*, 20 Kas. 686, and *Lewis v. Linscott*, 37 id. 386. We find, however, that this is not true. There are palpable omissions from the record, notably exhibit "A" referred to in the testimony of plaintiff. There are also other exhibits marked "A" "A" and "B" which ought to have been attached to the depositions read upon the trial, but these are not included with the depositions, and are placed after the judgment. It is difficult, without having been present at the trial, to ascertain to which depositions the several exhibits at the end of the case belong. As far as we can understand the case, from the partial record presented, the material facts are as follows: In 1886, Geo. C. Glover was a painter residing and carrying on his business in Emporia, in this state. In January, 1886, he purchased of the F. Hammar Paint Company 51 gallons of paint; on the 6th of September, 1886, he purchased 30 gallons; on the 7th of March, 1887, he purchased 51 gallons, and on the 18th of May, 1887, he also purchased 51 gallons. The paint cost him $1 a gallon. He paid for the paint purchased in January and September, 1886, but refused to pay for the paint purchased in March and May, 1887, amounting to $102, be-

cause he alleged that it was worthless. This case was tried before the court with a jury. The jury returned a verdict in favor of the defendant for $300 as his damages, and the trial court compelled the defendant to remit $52 of the verdict, and judgment was rendered for $248 in favor of the defendant and against the plaintiff. The defendant testified upon the trial, among other things, that he purchased the paint upon the following warranty:

"Any buildings, when painted with prepared paints, according to directions, and applied properly, we will guarantee to give satisfaction or repaint free of charge to the owner."

"That he used the paint upon two houses belonging to Mr. Hughes, upon Mr. Bundrem's house, Mr. Balweg's house, Mr. Ford's house, Mr. McCoy's fence, and his own house; that this work was worth $300; that it would cost $140 to put the work in proper condition to be repainted; that the paint purchased, with the exception of the first lot, was unsatisfactory; that the paint commenced to crack and peel off in three to six months; that he told the plaintiff the work done with its paint was peeling off, and requested the company to repaint the same; and that this has not been done."

There were no exceptions taken to the instructions given, and the only instruction prayed for, which was refused, is as follows:

"If the jury believe from the evidence that the defendant, Glover, has been paid in full for all the painting he has done with the paint bought of these plaintiffs, and that he has not had to refund any of the money or repaint any of the houses, then defendant has not sustained any damage, and the jury must find for the plaintiffs in the full amount of their claim, as stated in their bill of particulars, and interest thereon."

This instruction does not correctly declare the law, and was therefore properly refused. If there was a breach of the warranty on the part of the plaintiff, the right to nominal damages existed at once in favor of the defendant to vindicate the right. If the consequences of the act for which the law renders the party in default responsible have developed themselves so as to create absolute injury before the verdict, the jury are bound to give compensation for such injury; but

if at the time of trial the loss is still only probable, the verdict should be but nominal damages. (1 Sedg. Dam., 7th ed., p. 200.)

In all cases where the defendant personally agreed to repaint, upon request so to do, an actual liability against him exists, which can be enforced in the way of damages, if he refuses to perform. If the plaintiff's breach of the warranty has involved the defendant in a legal liability to pay money or to incur expense to the parties for whom he did work, to relieve himself against the effects of the bad paint, such liability or expense, whether paid or not, constitutes an element of damages which the defendant was entitled to recover.

It is probable that, if all the evidence introduced upon the trial had been properly preserved in the record, and sufficient exceptions had been taken to the instructions of the trial court, the large judgment rendered for damages against the plaintiff would not be allowed to stand; but upon the record as presented, and the exceptions therein appearing, we cannot interfere.

The judgment of the district court must be affirmed.

All the Justices concurring.