No. 22,278.

L. E. Horville et al., *Appellees*, v. The Lehigh Portland
Cement Company, *Appellant*.

SYLLABUS BY THE COURT.

1. APPEAL—*Title of Case in Appellate Court.* The code provision that
"A case appealed shall be docketed in the appellate court with the
same title that the case had in the trial court, except that the parties
shall be designated as appellant and appellee" (Civ. Code, § 579, Gen.
Stat. 1915, § 7483), considered, and, in this case, the court declines to
order appellant's abstract and brief stricken because of the violation
of the rule, but in the future may be obliged to compel its strict en-
forcement.

2. QUIETING TITLE—*Cancellation of Deed Conveying Oil and Gas—Plead-
ing—States Only One Cause of Action.* In an action to quiet title
which involves the validity and effect of a single instrument (a deed
conveying oil and gas), the petition, which relies upon the ground of
abandonment, and also that the instrument was fraudulently altered,
and is void because it was not recorded within ninety days after its
execution, and was not listed for taxation, states but one cause of
action.

3. DEED—*Conveying Mineral Reserves—Not Recorded—Not Listed for
Taxation—Pleadings—Evidence.* On the trial of such an action, the
proof showed that the instrument had never been recorded, and, with-
out the petition having been amended, and over defendant's objection,
plaintiffs were permitted to prove that defendant and its predecessor
had never listed the instrument for taxation. *Held*, that the petition
will be considered as amended to conform to the proof; and *further
held*, that, in the absence of any request for a continuance, or claim
that defendant was not prepared at that time to meet the evidence, and
neither claimed below, nor in this court, that the property had, in fact,
been listed for taxation, its rights were not prejudiced by the admis-
sion of the testimony, notwithstanding the court gave judgment for
plaintiffs on the express ground that the instrument is void because
of the failure to record it within ninety days from its execution,
coupled with the failure to list it for taxation under the provisions of
section 11280 of the General Statutes of 1915.

Appeal from Allen district court; Oscar Foust, judge. Opin-
ion filed July 5, 1919. Affirmed.

*Baxter D. McClain,* of Iola, for the appellant.

*John W. Brown,* and *Kenneth H. Foust,* both of Iola, for the
appellee.

The opinion of the court was delivered by

PORTER, J.: The action was one to cancel and set aside an instrument described as a deed for gas, and to quiet plaintiffs' title to a tract of land owned in Allen county. The petition, after stating the ownership of the plaintiffs, alleged that on the 8th day of March, 1907, they executed and delivered the instrument to the Iola Portland Cement Company, a copy of which was attached to the petition; and that the instrument has never been recorded by the grantee or its successor, the Lehigh Portland Cement Company, and is held by defendant unrecorded.

The grounds specifically alleged for canceling the instrument were: *First*, that the instrument had been altered and changed by the grantee or its agents, without the consent of the plaintiffs, and with intent to deprive plaintiffs of their oil rights in the land (the alleged alteration being the interpolation of the words "oil and" before the words "natural gas"), so that the instrument, after being altered, purported to convey, not only the natural gas, but also the oil rights in the land. *Second,* that after using the lands for the purpose of obtaining natural gas, the grantee and its successor had abandoned the premises for more than ten years, and had failed and neglected to reconvey the premises as provided in the instrument, and it was alleged that the instrument constitutes a cloud upon plaintiffs' title.

The defendant demurred generally to the petition, and specially on the ground that two or more causes of action were improperly joined. The demurrer was overruled, and defendant answered, admitting its interest as the successor of the original grantee, claiming to be the owner and holder of the conveyance and of the rights incident to the use and production of oil, as well as natural gas, and alleging that it was continuously in the ownership and possession of the oil and gas rights in the land. The other allegations of the petition were denied. The issues having been joined, the court called a jury, and submitted to them certain questions of fact to aid the court in determining the legal questions involved.

Before the case was submitted to the jury, and after the evidence was closed, the plaintiffs called the county assessor who

had charge of the record of the assessment rolls of property listed for taxation, and, over the objection of the defendant, showed that the instrument under which the defendant claims had never been listed for taxation. Evidence was also offered, but apparently without objection, to show that the instrument in question had never been recorded in the office of the register of deeds. Thereupon, the court submitted the case to the jury to answer a number of questions of fact.

The jury was unable to agree upon the questions, and was thereupon discharged, the court reserving the questions of fact, as well as the questions of law, for determination at a subsequent time. Later, and at the same term, the court made findings of fact. The court found that neither the defendant nor the Iola Portland Cement Company had caused the deed to be recorded down to the time of the commencement of the action; that from the date of the instrument to the commencement of the action, neither the Iola company nor the Lehigh company had listed the instrument for taxation in Allen county; and that the defendant, and also the original grantee, had refused a demand, made by the plaintiffs prior to the commencement of the action, to cancel the deed. The court expressly stated that no finding was made as to the issue respecting the alleged alteration of the instrument, but held that, inasmuch as the grantee and its successor, the defendant, had failed and neglected to record the instrument, and had "likewise failed and neglected during such period to list for taxation the property" conveyed by the instrument, it was void at the time of the commencement of the action, and, being void, the plaintiffs were entitled to have it canceled and their title quieted. A motion for a new trial was overruled, and the defendant appeals.

The plaintiffs insist that defendant's abstract and brief should be stricken because the defendant has changed the title of the case in this court, and reversed the parties, so that it appears upon the docket as an action brought by the Lehigh Portland Cement Company, as plaintiff, against the owners of the land, as defendants, contrary to the express provisions of section 579 of the code of civil procedure (Gen. Stat. 1915, § 7483), which reads:

"A case appealed shall be docketed in the appellate court with the same title that the case had in the trial court, except that the parties shall be designated as appellant and appellee."

One of the reasons for the change in the code in 1909 was the confusion which always resulted from the practice of altering the original title of an action by reason of the appeal being taken by the defendant. Notwithstanding the length of time since the code was changed, briefs and abstracts, and other papers, are not infrequently filed here with the appellant marked as plaintiff, when, in fact, the appellant is the defendant, resulting in more or less confusion in the clerk's office, and imposing upon the court additional labor in order to discover which party brought the action. Up to this time the court has never imposed so harsh a penalty for the carelessness as to strike the briefs and abstract from the files; but in the future it may be obliged to adopt some method to bring about a strict enforcement of the statutory rule. In the present case, the suggestion that the abstract and brief be stricken will not be followed.

The first four specifications of error are based upon the contention that there were two causes of action, one going to the validity of the instrument, and the other relating to the possession of the property. It was a suit to quiet title for a number of reasons, and there was nothing inconsistent in the grounds alleged. The plaintiffs could rely upon the ground of abandonment, and at the same time claim that the lease had been fraudulently altered. Only one instrument was involved, although it was alleged to be void on two separate grounds; and there was nothing to prevent the plaintiffs from showing both. (*Hospital Co. v. Philippi,* 82 Kan. 64, 107 Pac. 530.) The demurrer was rightly overruled.

The fifth assignment of error relates to the sufficiency of plaintiffs' evidence tending to show an alteration of the instrument. That issue was not passed upon by the trial court, and the error complained of needs no further comment.

It was within the discretion of the trial court to permit the plaintiffs to open up the case and introduce additional evidence after they had once closed their case. Matters of this kind are always within the sound discretion of the court. The court might have refused it without abuse of discretion.

The instrument in question, reading as the plaintiffs contend that it should read, expressly grants, bargains, sells and conveys to the grantee, "its successors and assigns, all the natural

gas in and under" the premises in question; and reading the instrument as the defendant claims it should read, it grants, bargains, sells and conveys the "oil and natural gas," etc. It cannot be questioned that the instrument separates the minerals from the surface, and that it comes within the provisions of section 1 of chapter 244 of the Laws of 1897, reënacted as section 20 of chapter 316 of the Laws of 1911 (Gen. Stat. 1915, § 11280), which reads:

"That where the fee to the surface of any tract, parcel or lot of land is in any person or persons, natural or artificial, and the right or title to any minerals therein is in another or in others, the right to such minerals shall be valued and listed separately from the fee of said land, in separate entries and descriptions, and such land itself and said right to the minerals therein shall be separately taxed to the owners thereof respectively. The register of deeds shall furnish to the county clerk, who shall furnish on the first day of March each year to each assessor where such mineral reserves exist and are a matter of record, a certified description of all such reserves: *Provided,* That when such reserves or leases are not recorded within ninety days after execution, they shall become void if not listed for taxation."

In *Gas Co. v. Oil Co.,* 83 Kan. 136, 109 Pac. 1002, it was said:

"The lease does not become void by the mere failure to record it, but only when there is the additional delinquency of omitting to list it for taxation. If it is recorded as the statute enjoins, the taxing officer has an opportunity to find and assess the property conveyed by it; and if the owners omit to record the lease and also omit to list it, and thus bring it to the attention of the taxing officials within the time fixed for listing property, the lease then becomes void, and may be so declared by the court at the instance of any interested party." (p. 143.)

In that case the owner of the minerals failed to record the lease within the prescribed time, and also failed to list the property for taxation, and the judgment, deciding that it was void, was affirmed. Here, likewise, it took not only the failure to record the lease within ninety days from its execution, but also the failure to list it for taxation. The petition alleged the failure to record, but did not allege the failure to list for taxation. At any time before the case was closed, and even after the judgment, it was within the discretion of the court to allow the plaintiffs to amend their petition to conform to the facts. Technically, without an amendment to the petition, evidence that the defendant had failed to list the minerals for taxation was not within the issues; but, in the absence of any claim that defendant in fact had listed the property for taxa-

tion, or that another trial would bring about a different result, it would be folly to order a reversal merely because the evidence was admitted without an amendment. In furtherance of justice, the petition should be considered as amended to conform to the proof. This should be the rule in the instant case, because defendant made no objection to the introduction of the proof on the ground that it was not prepared at that time to meet it with other evidence; it made no request for a continuance, nor any showing why an inquiry as to whether it had listed the property for taxation might not have been tried at that time, as well as at another. The defendant, for these reasons, wholly fails to show that the mere admission of the evidence, without an amendment, prejudiced its rights.

It is said, however, that upon a new trial the defendant "would be enabled to avail itself of all defenses at hand, as, for instance," that the property was included in other properties returned for taxation by its predecessors. There was nothing to prevent the defendant from introducing testimony of this character, unless it was taken by surprise and was not able to procure its evidence at that time. If that were the situation it was the duty of the defendant to ask for time in which to obtain the testimony.

It is suggested that the following questions would all be available as defenses if a new trial should be granted: (1) Is the action barred by the statute of limitations, or are the plaintiffs estopped to maintain the action? (2) Is the instrument void, or simply voidable? (3) What are the defenses in fact and in law available to defendant, based upon section 11280 of the General Statutes of 1915? These present nothing but questions of law which defendant should have presented to the court, or, if prevented by any reason from presenting them at the time of the trial, it should have asked a postponement.

Defendant's contention that, following the rule stated in *Newby v. Myers*, 44 Kan. 477, 24 Pac. 971, the finding with respect to the failure to list for taxation, being outside the issues, is a nullity, is sufficiently answered by the statement that the issues must be considered as enlarged, and the petition as amended, for the reasons already stated.

There was nothing irregular in the refusal of the court to continue the trial after the jury had disagreed on the findings

Insurance Co. v. Bigger.

of fact. It was not obliged to submit the case to a jury in the first instance, and it was proper for the court, therefore, to find the facts. The continuance was not asked in order to allow the defendant to meet any new issues in the case, but in order that the pleadings might be settled. The defendant objected to a further consideration of the case at that time because the questions remained unanswered by the jury and the jury had been discharged, "and hence, that the cause is not in situation for final determination upon the issues joined by the pleadings." There was no suggestion of a demand for a continuance for the reason that the defendant had been taken by surprise because of the character of proof introduced.

That the new evidence was not within the issues, as the pleadings stood, may be conceded. The failure to offer evidence in rebuttal, or to make a request and showing for further time to procure evidence, or to make some showing, either to the trial court or to this court, that its rights were prejudiced, preclude us from holding that defendant is entitled to another trial.

The judgment is affirmed.