ROYAL PAPER BOX COMPANY *vs.* MUNRO AND CHURCH COMPANY.

Suffolk.    March 9, November 15, 1933. — November 28, 1933.

Present: CROSBY, WAIT, FIELD, DONAHUE, & LUMMUS, JJ.

*Sale*, Warranty. *Practice, Civil*, Appeal; Exceptions; Auditor: findings; Findings by judge. *Damages*, In contract. *Interest*.

After the filing in the Superior Court of a report by an auditor, to whom was referred, under a rule providing that his findings of fact were to be final, an action of contract for breach of an implied warranty that goods sold by the defendant to the plaintiff were reasonably fit for a particular purpose understood by the parties, the action was heard by a judge, who found and ruled "upon the facts found by the auditor that there was such an implied warranty" and ordered judgment in a certain sum for the plaintiff; both parties then alleged exceptions, which were presented to this court, and one party appealed from the order of judgment. *Held*, that

(1) A party cannot have both such modes of appellate review upon the same matters;

(2) Since both parties had filed bills of exceptions, and nothing could be open on appeal that was not open on the exceptions, this court dealt with the exceptions and dismissed the appeal;

(3) By the statement accompanying the order for judgment, the trial judge ruled that the statutory basis for the warranty relied on could be found on the facts stated by the auditor, and found by inference

from the facts stated in the auditor's report that the statutory basis had in fact been established.

From facts found by the auditor in the action above described, it appeared that the sale in question was of cardboard; that the defendant, a wholesale dealer in cardboard, knew that the plaintiff's business was principally the manufacture of boxes for candy, and that the probable use of the cardboard was as material for such boxes; that the defendant's method of doing business was to obtain orders from customers and then to buy cardboard from the mills with which to fill the orders; that the defendant had direct contractual relation with the mills and could insist upon the fitness of the cardboard for the intended use; that the plaintiff had no rights against the mills, and could rely upon no one except the defendant; and that the cardboard sold by the defendant to the plaintiff proved unfit for use in making such boxes. *Held,* that·

(1) An inference was warranted that the plaintiff relied on the defendant's skill and judgment in selling cardboard proper for use by the plaintiff for the particular purpose for which it was required by the plaintiff;

(2) The judge's conclusion that there was a warranty of fitness of the character described in G. L. (Ter. Ed.) c. 106, § 17 (1), was supported by the auditor's findings, and must stand;

(3) A further finding, that there was a breach of the warranty of fitness for the contemplated use, was justified.

In the action above described, it appeared that the cardboard was received by the plaintiff on October 8 and was paid for on October 15 in ignorance of its condition; that the plaintiff proceeded to use it in the manufacture of candy boxes, and that the first definite knowledge of its condition came to the plaintiff on October 25. *Held,* that

(1) The damages to which the plaintiff was entitled were not merely the difference between the value of the goods as they were and the value which they would have had if they had answered to the warranty, but included damages resulting from a reasonable attempt to use the goods in manufacture before October 25;

(2) The plaintiff was entitled as damages also to an amount expended for labor in getting rid of'boxes which were worthless because of the character of the cardboard;

(3) A finding was warranted awarding the plaintiff the difference between the purchase price of a certain portion of the unfit cardboard, which was taken back by the defendant and for which the defendant repaid the plaintiff, and the higher price of good material which the plaintiff bought to replace such portion: such difference properly might have been found to be the difference between the real value of such portion and the value it would have had if it had answered to the warranty;

(4) Although the plaintiff's claim was for unliquidated damages, it was proper to include interest in the damages, at least from the date of the writ, to compensate for the delay in obtaining compensation;

(5) A failure of the auditor to include interest in the damages did not preclude the trial judge from doing so;

(6) Because the auditor found no evidence of decrease in the volume

of the plaintiff's business, and no evidence that the plaintiff's factory did not continue to operate at its full capacity, a claim by the plaintiff for loss of good will resulting from the furnishing by the plaintiff to his largest customer of boxes made of the faulty material, following which the plaintiff's business with that customer, which had averaged $21,000 a year with a net profit of $2,100, ceased entirely, although but for that incident it probably would have continued, properly was disallowed;

(7) The plaintiff should have been allowed as damages a sum paid by him to certain of his customers in settlement for candy which had spoiled because it was packed in boxes made of the unfit material, it appearing that the plaintiff was legally liable to his customers for the injury to the candy, and that the settlements made with them were reasonable and advantageous: payment of damages to the plaintiff's customers because of the unfitness of the boxes was a foreseeable and probable result of a breach of the defendant's warranty;

(8) It was immaterial that the plaintiff settled the claims of his customers above described without waiting for actions to be brought or judgments obtained against him.

CONTRACT.   Writ dated December 20, 1924.

In the Superior Court, the action was referred to an auditor under a rule requiring that his findings were to be final as to all questions of fact.   Material facts found by him in two reports are described in the opinion.

The action was heard upon the auditor's reports by *Weed*, J., who ordered judgment for the plaintiff in the sum of $4,963.99.   Both parties alleged exceptions and the defendant appealed from the order of judgment.

*L. R. Eyges*, for the plaintiff.

*J. T. Pugh*, (*C. B. Mahoney* with him,) for the defendant.

LUMMUS, J.   This is an action of contract, brought by a manufacturer of cardboard boxes against a wholesale dealer in cardboard, to recover damages for the breach of a warranty, in a sale by the defendant to the plaintiff of a car load of cardboard for the price of $1,223.94, that the goods were of merchantable quality and fit for the purpose of making into boxes for the packing and sale at retail of candy.   The case was referred to an auditor, whose findings were to be final as to all questions of fact, and whose final report was filed on July 11, 1931, before Rule 89 of the Superior Court (1932) took effect.   His report was in effect a case stated.   *Merrimac Chemical Co.* v. *Moore*, 279

Mass. 147. Upon the auditor's report, the judge ordered judgment in favor of the plaintiff for $3,419.15, plus interest from December 20, 1924, the date of the writ. Instead of relying exclusively upon the simple but adequate remedy of appeal (G. L. [Ter. Ed.] c. 231, § 96; *Federal National Bank* v. *Koppel*, 253 Mass. 157; *Manning* v. *Woodlawn Cemetery Corp.* 239 Mass. 5, 9), both parties alleged exceptions (*Haverhill* v. *Marlborough*, 187 Mass. 150, 152, 153), which are presented by separate bills and not by a consolidated bill. *Barrell* v. *Globe Newspaper Co.* 268 Mass. 99. The defendant furthermore claimed an appeal from the order for judgment. A party cannot have both modes of appellate review upon the same matters. *Merrimac Chemical Co.* v. *Moore*, 279 Mass. 147, 158. Since both parties have filed bills of exceptions, and nothing could be open on appeal that is not open on the exceptions, we deal with the exceptions, and dismiss the defendant's appeal.

The exceptions taken by each party to the order for judgment present all the questions in the case. It is unnecessary to discuss the requests for rulings. The defendant knew that the plaintiff's business was principally the manufacture of candy boxes, and that the probable use of the car load in question was as material for such boxes. The defendant's method of doing business was to obtain orders from customers and then to buy cardboard from the mills with which to fill the orders. The defendant had direct contractual relation with the mills, and could insist upon the fitness of the cardboard for the intended use. The plaintiff had no rights against the mills, and could rely on no one except the defendant. If the defendant were to take no care or responsibility, it is hard to see why the plaintiff should deal with it, for the plaintiff could buy from the mills at the same price. The Continental Mills, from which the cardboard was to come, were in New Jersey, and the plaintiff had not been using their cardboard for some time. G. L. (Ter. Ed.) c. 106, § 17 (1), provides: "Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the

goods are required, and it appears that the buyer relies on the seller's skill or judgment, whether he be the grower or manufacturer or not, there is an implied warranty that the goods shall be reasonably fit for such purpose." The language of the trial judge in his order for judgment, "I find and rule upon the facts found by the auditor that there was such an implied warranty" of fitness for use in making candy boxes, is a ruling that the statutory basis for such a warranty could be found in the facts stated by the auditor, and a finding by inference from the auditor's report that the statutory basis had in fact been established. *Sylvester v. Shea,* 280 Mass. 508. *Automatic Sprinkler Corp. of America v. Rosen,* 259 Mass. 319, 323. The judge's conclusion that there was such a warranty of fitness is supported by the auditor's findings, and must stand. *Agoos Kid Co. Inc. v. Blumenthal Import Corp.* 282 Mass. 1. *Country Club Soda Co. Inc. v. Arbuckle,* 279 Mass. 121. Compare *S. F. Bowser & Co. Inc. v. Independent Dye House, Inc.* 276 Mass. 289, where the statutory implied warranty was modified by contract.

The finding of the trial judge, upon the facts found by the auditor, that there was a breach of the warranty of fitness for the contemplated use, was amply justified. It was found that the cardboard appeared satisfactory when delivered, but because of a vegetable growth in the water used by the mills in New Jersey where the cardboard was made, an oily substance was deposited in the cardboard, which gradually became very offensive because of a strong and disagreeable odor which it gave forth. Obviously such cardboard was unfit for the making of candy boxes.

The cardboard arrived from the mills on October 8, 1924. On October 15, 1924, the plaintiff paid for it, in ignorance of its condition, although before that date, because of a complaint from one Daley about a similar shipment, the defendant suspected that there might be trouble with the lot in question. The plaintiff proceeded to use the cardboard in the manufacture of candy boxes. The auditor finds, justifiably so far as appears, that the first definite knowledge of the condition of the cardboard came to the

plaintiff on October 25, 1924. The damages of the plaintiff are not merely the difference between the value of the goods as they were, and the value they would have had if answering to the warranty, as the defendant contends, but include damages resulting from a reasonable attempt to use the goods in manufacture, prior to October 25, 1924. *Country Club Soda Co. Inc.* v. *Arbuckle,* 279 Mass. 121, 134. Such damages were allowed in *Agoos Kid Co. Inc.* v. *Blumenthal Import Corp.* 282 Mass. 1, as appears clearly from the original papers. Accordingly, the judge properly allowed an item of damages of $3,202.43 on this ground. A smaller additional item of $138.34 for labor in getting rid of the worthless boxes falls within the same principle.

After it became clear that the goods were unfit, the defendant took back the uncut part, and repaid the plaintiff proportionately. The increased cost to the plaintiff of replacing the unfit cardboard taken back by the defendant with good material at a higher price, amounting to $78.38, was properly allowed as an element of damages. It could be found to represent the difference in market value between the goods as they were and the goods as they should have been. The allowance was necessary in order to give the plaintiff the benefit of its bargain.

The trial judge allowed as damages only the three items already mentioned, a total of $3,419.15, and ordered judgment for the plaintiff for that sum, with interest from December 20, 1924, the date of the writ. Although the plaintiff's claim was for unliquidated damages, it was proper to include interest in the damages, at least from the date of the writ, to compensate for the delay in obtaining redress. *New York Bank Note Co.* v. *Kidder Press Manuf. Co.* 192 Mass. 391, 406. *Childs* v. *Krey,* 199 Mass. 352, 358. *McGrimley* v. *Hill,* 232 Mass. 462. *H. D. Foss & Co. Inc.* v. *Whidden,* 254 Mass. 146, 151, 152. *Cochrane* v. *Forbes,* 267 Mass. 417, 420. *Hawkins* v. *Jamrog,* 277 Mass. 540, 545. *Barrett Co.* v. *Panther Rubber Manuf. Co.* 24 Fed. Rep. (2d) 329, 337, 338. In *Agoos Kid Co. Inc.* v. *Blumenthal Import Corp.* 282 Mass. 1, the original papers show that interest from a time antedating the suit was included

in the damages for breach of warranty. Even in tort, interest is often allowed as a part of the damages. *Cochran* v. *Boston*, 211 Mass. 171. *Young* v. *New York, New Haven & Hartford Railroad*, 273 Mass. 567, 571, 572. *Belkus* v. *Brockton*, 282 Mass. 285, 291. The omission of the auditor to include interest in the damages did not prevent the judge from doing so. *Young* v. *Winkley*, 191 Mass. 570, 575. The plaintiff does not lose its interest merely because the case has been delayed a long time; it has waited equally long for its compensation. *Dodge* v. *Rockport*, 199 Mass. 274, 278.

The plaintiff claims damages for loss of good will resulting from the furnishing by the plaintiff to its largest customer of candy boxes made of the offensive material. The auditor found that the plaintiff's business with that customer, which had averaged $21,000 a year with a net profit of $2,100, ceased entirely, although but for that incident it probably would have continued. Loss of good will has been recognized as an element of damages flowing from the use of unfit material received from one who warranted it to be fit. *Hawkins* v. *Jamrog*, 277 Mass. 540. *Swain* v. *Schieffelin*, 134 N. Y. 471. *Cramerton Mills, Inc.* v. *Nathan & Cohen Co. Inc.* 231 App. Div. (N. Y.) 28. *Barrett Co.* v. *Panther Rubber Manuf. Co.* 24 Fed. Rep. (2d) 329. *Elkus Co.* v. *Voeckel*, 27 Ariz. 332. *Cointat* v. *Myham & Son*, [1913] 2 K. B. 220, reversed on other grounds, 30 T. L. R. 282; 110 L. T. Rep. 749. *Contra, Moran* v. *Standard Oil Co.* 211 N. Y. 187, 195; *Armstrong Rubber Co. Inc.* v. *Griffith*, 43 Fed. Rep. (2d) 689. In the present case, however, the auditor found no evidence of decrease in the volume of the plaintiff's business, and no evidence that the plaintiff's factory did not continue to operate at its full capacity. Therefore the auditor and the judge were right in ruling that the loss of the customer was not shown to be an injury to the plaintiff.

The judge disallowed the plaintiff's claim for $1,426.06 paid by the plaintiff to certain of its customers in settlement for candy which spoiled when packed in boxes made of the unfit material, ruling that the payment was not shown by the auditor's report to have been made in con-

sequence of legal liability rather than business expediency. We are unable to agree with his interpretation of the auditor's report.   The auditor found that the plaintiff was legally liable to its customers for the injury to the candy, and that the settlements made with them were reasonable and advantageous.   These findings entitle the plaintiff to the item of damages claimed.   The parties contemplated the manufacture and sale of candy boxes made of the cardboard in question.   Payment of damages to the plaintiff's customers because of the unfitness of the material was a foreseeable and probable result of a breach of the defendant's warranty. *In re R. & H. Hall Ltd. & W. H. Pim (Junior) & Co.'s Arbitration,* 139 L. T. Rep. 50. *Kasler & Cohen* v. *Slavouski,* [1928] 1 K. B. 78. *Pinnock Brothers* v. *Lewis & Peat, Ltd.* [1923] 1 K. B. 690. *Cointat* v. *Myham & Son,* [1913] 2 K. B. 220, reversed on other grounds 30 T. L. R. 282, 110 L. T. Rep. 749. *Buckbee* v. *P. Hohenadel, Jr. Co.* 224 Fed. Rep. 14. *Wolstenholme, Inc.* v. *Jos. Randall & Bro. Inc.* 295 Penn. St. 131, 136. *Hobdy & Read* v. *Siddens,* 198 Ky. 195. *F. Hammar Paint Co.* v. *Glover,* 47 Kans. 15.   Williston, Sales (2d ed.) § 599a. G. L. (Ter. Ed.) c. 106, § 58 (6).   This is consistent with the general rule stated in *Leavitt* v. *Fiberloid Co.* 196 Mass. 440, 445, *Dondis* v. *Borden,* 230 Mass. 73, 79, and *Country Club Soda Co. Inc.* v. *Arbuckle,* 279 Mass. 121, 134.   See also *Reggio* v. *Braggiotti,* 7 Cush. 166; *Jamrog* v. *H. L. Handy Co. ante,* 195.   Since the plaintiff's liability to its customers, and the propriety of its settlements with them, have been established by the auditor's report, it is immaterial that the plaintiff settled the claims without waiting for suits to be brought or judgments obtained. *Swansey* v. *Chace,* 16 Gray, 303. *Gray* v. *Boston Gas Light Co.* 114 Mass. 149, 155. *Boston Woven Hose & Rubber Co.* v. *Kendall,* 178 Mass. 232, 237. *Dunn* v. *Uvalde Asphalt Paving Co.* 175 N. Y. 214, 218.   The rule adopted by the trial judge as to other items requires interest upon this item of $1,426.06 also to be computed from the date of the writ, December 20, 1924.

The result is, that the defendant's appeal is dismissed,

the defendant's exceptions are overruled, the plaintiff's exceptions are sustained, and under G. L. (Ter. Ed.) c. 231, § 124, judgment is to be entered for the plaintiff for the amount ordered by the Superior Court, plus $1,426.06 and interest thereon from the date of the writ. *Barnes* v. *Springfield,* 268 Mass. 497, 514. *Walsh* v. *Cornwell,* 272 Mass. 555, 565. *Hawkins* v. *Jamrog,* 277 Mass. 540, 545.

*So ordered.*